[No. 22329. Department One. July 22, 1930.]

SADIE L. JONES, *Respondent,* v. NEW YORK LIFE
INSURANCE COMPANY, *Appellant.*[1]

*Wright & Catlett,* for appellant.
*George F. Hannan,* for respondent.

PARKER, J.—The plaintiff, Miss Jones, seeks recovery of total permanent disability benefits under a policy of insurance issued to her by the defendant, insurance company. The cause proceeded to trial in the superior court for King county, sitting with a jury. At the conclusion of the trial, counsel for the company challenged the sufficiency of the evidence to entitle Miss Jones to any recovery, and moved for judgment of dismissal accordingly. The court denied the motion, and submitted to the jury a single question by a special interrogatory, as the only question of fact to be decided in the case, which, with the jury's answer thereto, reads as follows:

"At what time in the years 1926, 1927, if at all, or 1928, did the plaintiff become totally and permanently

[1]Reported in 290 Pac. 333.

disabled under the terms of the policy? Answer: March, 1926.''

Following the rendering of this special finding by the jury, no general verdict being rendered, counsel for the company again moved the court for judgment of dismissal, contending that the special finding of the jury did not establish Miss Jones' right to the recovery she seeks, and also that the evidence fails to support any right of recovery, because of her failure to present to the company proof of her total permanent disability until after the time for which she seeks such benefits by this action. This motion was also denied, and final judgment rendered awarding to Miss Jones recovery as prayed for by her, from which the company has appealed to this court.

On February 11, 1921, there became effective a two thousand dollar life endowment and total permanent disability benefit policy issued by the company to Miss Jones, containing total permanent disability provisions, reading, in so far as we need here notice, as follows:

''Whenever the company receives due proof, before default in the payment of premium, that the insured, . . . has become wholly disabled by bodily injury or disease, so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days— . . . then . . . commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, . . . One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy, and a like sum on each anniversary thereafter during the continued disability of the insured within the endow-

ment period. Such income payments shall terminate on the anniversary of the policy preceding the maturity of the endowment or the prior death of the insured, and shall not reduce the sum payable in any settlement of the policy.''

The company conceded that Miss Jones became totally permanently disabled in the spring of 1928. It paid to her, before the commencement of this action, the amount of the total permanent disability benefits accruing to her since the spring of 1928, due proof thereof being presented to the company in June, 1928. Miss Jones sued for, and was awarded by the judgment recovery for, total permanent disability benefits as accruing to her during the period from March, 1926, to June, 1928. In March, 1926, Miss Jones became totally permanently disabled according to the special finding of the jury; which finding is supported by the evidence and therefore binding upon us in so far as that fact is material in our present inquiry. But the evidence does not support a conclusion that Miss Jones then or thereafter, up until 1928, regarded herself as totally permanently disabled, or that she presented proof thereof to the company.

Miss Jones testified, on direct examination, as to her illness in 1926, and, later, to her notifying the company of her illness, as follows:

''Q. Miss Jones, you allege in your complaint that in March, 1926, you became ill? A. Yes, sir. Q. Will you just tell the jury what are the facts about that? A. In March I became ill. On the 15th day of March I entered the Laurel Beach Sanitarium. Q. What year? A. 1926. March 15, 1926, I entered the Laurel Beach Sanitarium. I was there until around the latter part of May, and then I came out of the sanitarium, and . . . between the 1st and 10th of June, 1926, I notified the New York Life Insurance Company of my illness, with no response whatsoever. . . . Q. Miss Jones, have you a copy of the letter which you

wrote to the New York Life Insurance Company in June, 1926, notifying them of your illness? A. No, sir, because the letter was written in longhand and I kept no copy. Q. At that time did you know that you were going to be totally and permanently disabled? A. I did not. I was in hopes the physicians would be able to get me back on my feet. . . . Q. And was that your situation for a year or more after that time? A. Yes, sir.''

This letter was not produced, and an officer of the company testified that its files failed to show that it ever received such a letter. However, she does not say that her letter contained any claim of total permanent disability. She further testified to calling at the local office in Seattle several times and orally claiming disability benefits, but not to her there claiming to be totally permanently disabled. On January 31, 1927, Miss Jones wrote her next letter to the company in reference to her illness, which, in so far as need be here noticed, reads:

''I have policy No. 6671569 dated February 11, 1921, for $2,000 with your company. This policy also contains a sick benefit clause.

''I was sick and physically unable to do any work whatever for eight months of 1926. Unfortunately, I did not discover how valuable my policy was until about thirty days ago. I happened to be reading it over and a very good friend of mine, and another policy holder in your company, pointed out to me that I was entitled to six months sick benefit and rebate on premium payments under the terms of my policy. I immediately took the matter up with your local office, but was informed that there was nothing they could do about the matter because I had failed to properly notify them within the sixty-day period. Of course, this was quite a shock to me and it is unfortunate that I overlooked the 60-day notification clause and the whole sick benefit clause as a whole. . . .

''Of course, I fully realize that there is nothing more that can be done about the matter unless you are kind

enough to consider my application at this late date, but you must agree that it does not seem just, that I should lose the benefits under my policy just because I failed to read my policy or realize the benefits under its terms."

On February 15, 1927, the company answered that letter, which, in so far as need be here noticed, reads:

"We have received your letter of January 31, . . .

"After reading your letter, we feel sure that you are under a misapprehension as to the meaning of the disability clause contained in your policy. Under the terms of this contract, disability benefits become effective on receipt of proof that the insured is totally and permanently disabled. As you have recovered, it is quite apparent that your disability was not of a permanent nature and the company could not, therefore, approve your claim under the terms of the policy contract.

"We might mention that our action in disallowing the claim is not a penalty for the delay in filing notice. The sixty-day provision contained in the policy does not specify that claim must be submitted within sixty days of the inception of the disability, but that disability must have existed for sixty days prior to the first anniversary on which premiums become subject to waiver. This sixty-day provision is entirely disregarded at this time by the company."

On March 12, 1928, Miss Jones wrote another letter to the company, reading as follows:

"Seattle, March 12, '28.

"New York Life Ins. Co.,
"Seattle, Wash.
"Gentlemen:

"I have a policy with your company number 6671569, and wish to state that I have been totally disabled the past sixty days, and am unable to work, and I wish to file claim for total disability as stated in my policy.

"Thanking you for an early reply, I am,
"Yours truly,
"Sadie L. Jones."

On March 21, 1928, the company wrote a letter to Miss Jones, inclosing blanks for proof of claim of disability benefits under the policy, as follows:

"We have received for attention from the company's branch office in Seattle, Washington, your letter of March 12, 1928.

"As explained in a previous communication, under the terms of your policy, disability benefits become effective upon receipt of due proof at the company's home office, that the insured has become wholly disabled by bodily injury or disease, so that she is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit.

"From the particulars contained in your letter, we are unable to determine whether you are totally and permanently disabled, within the meaning of the disability-benefit provision contained in the policy, but if you will have the inclosed forms duly completed, we shall be pleased to advise you further in respect to the matter. Form No. 1, application for disability benefits, is to be completed by yourself, and form No. 2 is for completion by your attending physician."

Miss Jones caused these blank proofs of claim of disability benefits to be filled out, one of which was signed by a physician who had examined her on March 31, 1928, wherein he stated: "I do not feel that she will be disabled more than a few months." On April 5, 1928, this proof was received by the company. The company, being dissatisfied with this proof, asked for further proof, and thereafter on May 29, 1928, and June 1, 1928, two physicians who had examined Miss Jones each certified that, in his opinion, she had become totally permanently disabled. On June 6, 1928, these proofs were received by the company. Soon thereafter the company recognized the sufficiency of the proofs of Miss Jones' total permanent disability, and advised her accordingly.

On June 28, 1928, in accordance with the premium

waiver provision of the policy above quoted, the company sent to Miss Jones a written waiver of premium for the year beginning February 11, 1928. On January 25, 1929, the company sent to Miss Jones a like written waiver of premium for the year beginning February 11, 1929. On February 11, 1929, that being the first anniversary date of the policy following presentation to it of her proofs of disability, the company paid to Miss Jones one-tenth of the face of the policy, to wit, $200, as the first total permanent disability benefit due her under the policy. While Miss Jones sought disability benefits from the company both by correspondence and orally, as above noticed, the evidence, as we read it, wholly fails to show that she at any time sought disability benefits under the policy as total permanent disability benefits until she presented her proofs to the company in April and June, 1928.

A critical reading of all of the evidence renders it plain to us that there is no further showing therein of Miss Jones' claim of permanent total disability than the facts above summarized. It seems clear to us that it must be decided, as a matter of law, that Miss Jones did not claim or present proof of her total permanent disability until April and June, 1928.

■ Our real problem is, has Miss Jones any right of recovery, as for her total permanent disability, for any period prior to her presentation of proof thereof to the company in April and June, 1928? The trial judge manifestly was of the opinion, and counsel for Miss Jones contended, that she is entitled to recovery of total permanent disability benefits for the whole period following the commencement of her total permanent disability in March, 1926, regardless of when she presented proof thereof to the company. We are not able to agree with this view. The terms of the policy are that, commencing on the anniversary of the

policy, after receipt of proof and on each anniversary thereafter, the company will pay one-tenth of the face of the policy. This plain provision of the policy, it seems to us, leaves no sound basis for holding that Miss Jones is entitled to recovery of any total permanent disability benefits for any period preceding presentation of proof thereof to the company. Counsel for Miss Jones rely upon our decision in *Storwick v. Reliance Life Ins. Co.*, 151 Wash. 153, 275 Pac. 550, as apparently the trial judge did. That policy provided that:

" 'During the period of total and permanent disability, and at any time one year after the premium anniversary date first following the date of such disability, the company will, at the request of the insured and beneficiary or assignee, if any, pay a monthly income amounting to 1% of the face value of the policy, if there be no existing indebtedness, or if there be such indebtedness, 1% of the face value of the policy less such indebtedness; such payments to continue until the total amount of payments made shall equal the face of the policy, less all indebtedness, if any, at which time the company's liability under this contract shall cease. . . .' "

Following our rule of liberal construction of policies favorable to the insured, we held that provision to entitle Storwick to the monthly benefits during the whole period of his disability, though proof thereof was not made until sometime after commencement thereof. We think that decision is not controlling here.

We conclude that the judgment must be reversed and the action dismissed. It is so ordered.

Mitchell, C. J., Tolman, Beals, and Millard, JJ., concur.