Sam. Kasarsky, Plaintiff, *v.* New York Life Insurance Company, Defendant.

City Court of New York, Kings County, November 29, 1932.

*Garfield & Seligson,* for the plaintiff.

*Louis H. Cooke,* for the defendant.

Russell, J.  Action heretofore tried by the court without a jury. Plaintiff seeks recovery under two policies of life insurance under the permanent disability clauses thereof.  There are two clauses

in each policy of similar wording involved. Such portion of each essential to a decision will be set forth: " Permanent Disability.— Disability shall be presumed to be permanent, * * * (b) After the insured has been so totally disabled for not less than three consecutive months *immediately preceding receipt of proof thereof.*"
" No. 3. Benefit.— Upon receipt of the Company's Home Office before default in the payment of premiums, of due proof that the insured *is* totally and presumably permanently disabled * * *." As to No. 3, it is not disputed as facts that: (a) Insured was wholly disabled within the meaning of the policy between June 11, 1931, and February 1, 1932, a duration in excess of the three-month period, and (b) that a notice of claim for such disability was given to defendant on June 27, 1932, after a lapse of time of nearly six months from the cessation of such disability. A reference to clauses 2 and 3 of the policies discloses that not only must the insured following such disability, *immediately* furnish to the company proof thereof, but also that the same must be due proof that the insured *is* so permanently disabled. The language employed in clauses 2 and 3 when read in conjunction seems to be wholly unambiguous and the same is to be read, understood and construed according to the plain, usual and ordinary meaning of the words therein employed. (*Houlihan* v. *Preferred Accident Insurance Co.*, 196 N. Y. 337; *Perlman* v. *N. Y. Life Insurance Co.*, 234 App. Div. 359.)

Under the terms used in the clauses above quoted the company was not called upon to pay such disability unless and until at the expiration of the minimum time limit for the existence of same immediate notice or claim was made to it to the effect that the insured *is* presumably permanently disabled; thus the obligation of the company rests not upon the fact of disability, but upon the *immediate* receipt of a proper notice by the company of such fact, receipt of such notice being a condition precedent to liability on the part of the company. (*Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489.)

The duty is on the insured to allege and prove that he has performed *all* the conditions in the policies called for by him, or a waiver thereof by the company, which latter is not found in the instant case. (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52.) Assuming the question of what was " immediate notice " to be one of fact, dependent upon the surrounding circumstances and conditions as developed by the evidence herein, I find that an approximate delay of six months in affording notice to defendant was not such notice and that such delay may well have operated to the prejudice of the company in its right to an opportunity of a prompt investigation into the merits of the claim. (*Wheeler* v. *Conn. Mutual Life Ins. Co.*, 82 N. Y. 543; *Whiteside* v. *North American Acc. Ins. Co.*, 200 id. 320.)

Bouvier in his Law Dictionary defines the word " immediately " to mean the same as " forthwith," and says: " They are stronger than the expression ' within a reasonable time ' and imply prompt, vigorous action without any delay, and whether there has been such action is a question of fact having regard to the circumstances of the particular case." To the same effect is the rule in *Solomon* v. *Continental Fire Ins. Co.* (160 N. Y. 595). In *Quinlan* v. *P. W. Ins. Co.* (133 N. Y. 356), where notice was required, it was held that a delay of seven months in giving notice invalidated the policy and that plaintiff did not read the policy or know of this condition was immaterial.

The company insists that the reasonable construction to be placed upon the word " is," as used in the policy term, clause 3: " Upon receipt of due proof that the insured *is* * * * presumably permanently disabled," etc., should be that the defendant was to be furnished with due proof of disability at a period during the existence thereof. In view of the context such construction would appear the fair and reasonable intendment thereof. The word " is " constitutes the third person singular of the present indicative of the verb " be." It is employed only in indication of the present tense. Had it been used with regard to an action or condition consummated or in the past the words " was " or " has been " might only appropriately have been employed. At any rate the finding that as a fact no immediate notice within the import of the policy terms was given is in itself a sufficient basis upon which to resolve this action in favor of the defendant. The contention that the delay in filing a claim was due to the ignorance of plaintiff as to his rights under the policy terms cannot avail the insured. (*Gottlieb* v. *N. Y. Life Ins. Co.*, 136 Misc. 194; *Hanna* v. *Commercial Travelers Mut. Acc. Assn.*, 204 App. Div. 258; affd., 236 N. Y. 57; *Manson* v. *New York Life Ins. Co.*, 229 App. Div. 670, at p. 676; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411, at p. 415.) Decision for defendant. Submit findings on two days' notice. Plaintiff will call at my chambers for exhibits.