[Civ. No. 1546. Fourth Appellate District.—January 25, 1935.]

LILLIE COCHENS, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Respondent.

Harry C. Westover for Appellant.

Loeb, Walker & Loeb, Henry Duque and Herman F. Selvin for Respondent.

MARKS, J.—On August 25, 1922, defendant issued to Wilfrid L. Eggleton a policy of insurance for $2,000 on his life and on December 21, 1926, plaintiff was made the beneficiary. Premiums of $15.12 were made payable quarterly. The policy contained the following provision:

"If the Insured, after the first premium on this Policy has been paid, shall furnish due proof to the Company, while this Policy is in full force and effect and while there is no default in the payment of premium, that he at any time after payment of such first premium, from any cause whatsoever shall become permanently disabled or physically or mentally incapacitated to such an extent that he by reason of such disability or incapacity is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the Company upon receipt of such proof will waive the payment of each premium that may become payable thereafter under this Policy during such disability."

On October 23, 1932, the insured was injured in an automobile accident. He was in and out of hospitals until August 16, 1933, when he died from gangrene in one of his

legs which had been broken in the accident and which had not healed.

After the accident the first premium on the insurance policy fell due on November 25, 1932. Mr. Eggleton was then confined to his bed in a hospital and applied to defendant for a policy loan which was made and the premium paid. The premium falling due on February 25, 1933, was not paid but the policy was continued in force until June 25, 1933, as a nonparticipating term policy under its nonforfeiture provisions. The policy by its terms lapsed on July 25, 1933, unless the fact of the injury continued it in force under the clause we have quoted.

The application for the loan was taken by a soliciting agent of defendant who saw Mr. Eggleton in bed in a hospital. Plaintiff testified that she told a girl in an insurance office in the city of Long Beach that Mr. Eggleton had been injured and also that another employee of the defendant saw him in bed shortly after the accident. No proof that he had been injured was ever given the defendant prior to Mr. Eggleton's death.

The trial judge found that the insured had not been permanently disabled. Plaintiff urges that this finding is not supported by the evidence and is contrary to it. The evidence shows that Mr. Eggleton's leg was broken; that it was in a plaster cast until his death; that he never progressed in his recovery further than being able to sit in a chair. In some of the cases hereafter cited similar facts have been held to constitute total and permanent disability. From the view we take of the case this erroneous finding cannot affect the results reached.

Plaintiff relies upon two cases to support her theory that the total and permanent disability of Mr. Eggleton fixed the liability of defendant and suspended premium payments by the insured regardless of when the proof of this disability was made. (*Minnesota Mutual Life Ins. Co.* v. *Marshall,* 29 Fed. (2d) 977; *Hablutzel* v. *Home Life Ins. Co. of New York,* (Mo. App.) 52 S. W. (2d) 480.)

In both of these cases the terms of the insurance policies differed materially from those of the policy in question here which are in legal effect practically identical with the policy forming the basis of the action in *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489 [52 Sup. Ct. 230, 76 L. Ed. 416].

In that case the policy contained the following provision: "Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will pay the Insured all premiums becoming due hereon after the receipt of such proof." In discussing the case the Supreme Court of the United States said:

"The insured died on April 18, 1929. Judgment was sought for disability benefits from December 1, 1927, to April 1, 1929, at the rate of $50 per month, with interest. The last premium paid was due on May 27, 1927. The next, allowing a month's period of grace, should have been paid not later than September 27, 1927. Neither that nor any subsequent premium was ever paid. Long prior to the death of the insured, the policy therefore had lapsed, unless saved by the terms of the disability clause above quoted. There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this condition continued until his death; but no proof thereof was furnished to the company.

"The petitioners, nevertheless, contend that this is enough to bring into effect the promise of the company to pay the premiums which became due after the disability began. In support of this contention, *Minnesota Mut. Life Ins. Co.* v. *Marshall, supra,* is cited. The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled . . . and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities . . . the Company will waive the payment of the premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished.

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the

waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.* The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams* v. *New York Life Ins. Co.,* 299 Pa. 11, 14 [148 Atl. 855]. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. (*Mutual Ins. Co.* v. *Hurni Co.,* 263 U. S. 167, 174 [44 Sup. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102]; *Stipcich* v. *Metropolitan Life Ins. Co.,* 277 U. S. 311, 322 [48 Sup. Ct. 512, 72 L. Ed. 895].) This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.''

The provision in the insurance policy involved in the case of *Hablutzel* v. *Home Life Ins. Co., supra,* closely resembles those in the case of *Minnesota Mutual Life Ins. Co.* v. *Marshall, supra,* and materially differs from the one in *Bergholm* v. *Peoria Life Ins. Co., supra,* and those in the instant case. The Missouri Court of Appeals recognized the distinction made by the United States Supreme Court in the effect of the terms of the policies.

Numerous cases have construed insurance policies having provisions similar in effect to those in the Bergholm and the instant cases and follow the same rule as the one followed by the Supreme Court of the United States. (See *New England Mutual Life Ins. Co.* v. *Reynolds,* 217 Ala. 307 [116 So. 151, 59 A. L. R. 1075]; *Parker* v. *Jefferson Standard Life Ins. Co.,* 158 S. C. 394 [155 S. E. 617]; *Goldman* v. *New York Life Ins. Co.,* 115 N. J. Eq. 535 [171 Atl. 541]; *Berry* v. *Lamar Life Ins. Co.,* 165 Miss. 405 [142 So. 445, 145 So. 887]; *Brams* v. *New York Life Ins.*

*Co.,* 299 Pa. 11 [148 Atl. 855]; *New York Life Ins. Co.* v. *Alexander,* 122 Miss. 813 [85 So. 93, 15 A. L. R. 314]; *Kasarsky* v. *New York Life Ins. Co.,* 145 Misc. 732 [260 N. Y. Supp. 769]; *Yohalem* v. *Columbian Nat. Life Ins. Co.,* 136 Misc. 748 [240 N. Y. Supp. 666]; *Mutual Life Ins. Co.* v. *Hebron,* 166 Miss. 145 [146 So. 445]; *Black* v. *Jefferson Standard Life Ins. Co.,* 171 S. C. 123 [171 S. E. 617]; *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984 [63 S. W. (2d) 520]; *Franklin Life Ins. Co.* v. *Fisher,* 164 Okl. 193 [23 Pac. (2d) 151]; *Jones* v. *New York Life Ins. Co.,* 158 Wash. 12 [290 Pac. 333]; *Kearns* v. *Penn Mut. Life Ins. Co.,* (Wash.) 34 Pac. (2d) 888.)

We have been cited to no cases upholding the position of plaintiff where the policy of insurance contained provisions similar to those in the instant case. We therefore conclude that the correct rule governing us here is that announced in the Bergholm case by the Supreme Court of the United States as follows: "It is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums." In the absence of such proof having been made the plaintiff cannot prevail.

■ No serious claim can be made that defendant had any notice, prior to his death, that Mr. Eggleton had been totally or permanently disabled. Mere information that he had been injured, or merely seeing him in bed in a hospital, would not constitute the furnishing of proof of total and permanent disability of the insured. There is no evidence showing that any of the persons receiving this knowledge possessed any sufficient authority from defendant so that notice to them would constitute notice to the company. ■ Knowledge of a soliciting agent will not bind his principal. (*Valentine* v. *Head Camp, P. J., W. O. W.,* 180 Cal. 192 [180 Pac. 2, 3 A. L. R. 380]; *Elliott* v. *Frankfort etc. Ins. Co.,* 172 Cal. 261 [156 Pac. 481, L. R. A. 1916F, 1026]; *Toth* v. *Metropolitan Life Ins. Co.,* 123 Cal. App. 185 [11 Pac. (2d) 94].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1935.