[Civ. No. 1520. Fourth Appellate District.—April 5, 1935.]

MAX MORRIS, Appellant, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Respondent.

31

David R. Rubin for Appellant.

Meserve, Mumper, Hughes & Robertson and E. Avery Crary for Respondent.

BARNARD, P. J.—The plaintiff brought this action to recover certain disability benefits under a policy of life insurance issued to him by the defendant in January, 1916. The policy provided that the payment of a premium should not maintain the policy in force beyond the date when the next payment became due, except as therein provided. Another clause provided for thirty days' grace in the payment of any premium after the first, during which time the policy was to continue in force. There was also a provision for disability benefits, the material parts of which read as follows:

"Section 3—Disability Benefits

"A. Waiver of Premiums.—If, after this Policy shall have been in force one full year and before default in the payment of any premium, the Company receives due proof that the Insured before attaining the rated-up age of sixty years has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the Company shall waive payment of each premium as it thereafter becomes due during the Insured's said disability. . . .

"B. Instalment Payments.—In addition to waiving payment of premiums as aforesaid, if such disability shall have occurred before the Insured attained the rated-up age of sixty years, the Company one year after said proof of such disability, shall pay to the Insured one-tenth of the face amount of the Policy and a like amount in each insurance year thereafter during the continuance of such disability prior to the maturity of the Policy; the Policy must be returned to the Company for the endorsement thereon of each payment. . . . "

The trial court found that the plaintiff paid all premiums coming due under said policy prior to January 14, 1929; that the premium coming due on that date was never paid or tendered to the defendant; that in accordance with its terms the policy lapsed for nonpayment of the premium due on that date; that the plaintiff became wholly disabled by bodily disease and was thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit from 1925 down to and including the time of the trial; that the defendant had no notice of such disability until informed thereof by letter from the plaintiff's attorney in January, 1931; and that no evidence of such disability on the part of the plaintiff was delivered to the defendant and no proof of such disability was made until September 17, 1931. As conclusions of law, the court found that the policy in question lapsed for nonpayment of the premium due and payable on January 14, 1929; that the receiving of proof of disability by the defendant before default in the payment of any premium due was a condition precedent to be performed by the insured in order to effect a waiver of the payment of premium

and in order to recover disability benefits provided for in the policy; and that the plaintiff did not before default in the payment of the premium due on January 14, 1929, perform said condition precedent by delivering to the defendant due proof that he had become disabled within the meaning of the policy. Judgment was entered for the defendant and the plaintiff has appealed.

Most of the points raised are based upon the contention that, under the terms of this policy, the furnishing of proof of disability prior to any default in the payment of a premium is not a condition precedent to the waiver of payment of the premium by the respondent and to the accrual of disability benefits where the disability has, in fact, occurred prior to any default in the payment of a premium. A similar contention was decided adversely to appellant in the recent case of *Cochens* v. *Prudential Ins. Co. of America,* 4 Cal. App. (2d) 172 [40 Pac. (2d) 902]. The language of the policy here in question relating to the waiver of premiums, while not identical with that of the policy involved in the case referred to, is precisely similar in effect, and brings this case squarely within the principle there laid down. Under the terms of this policy the receipt by the company of proof of disability is clearly made a condition precedent to a waiver of payment of premiums.

It is further argued that clause B of section 3 of this policy provides an additional benefit in case of disability, that an additional premium was charged for this, and that the fact of disability created a liability for the payment of such benefit and thus provided a fund in the hands of the insurance company which could and should have been used by it for the payment of the premiums due.

This argument assumes that the policy is in force and that a liability for the payment of the benefit referred to has accrued. The additional charge for this benefit was included in the premium which was not paid. It will be noted that the language used in clause B relates and connects the same to clause A. Not only is no payment for disability to be made until one year after proof thereof is made but the entire provision for such disability is an additional benefit to the waiver of the payment of premiums and the same is to accompany or follow that other benefit. The two clauses must be read together and the payment of a premium and

the keeping of the policy in force is as much a condition precedent to the one benefit as to the other. When the policy lapsed for the nonpayment of the premium it lapsed in its entirety and no money due to the appellant was in the hands of the respondent which could have been used for the payment of premiums.

This same point was involved in the case of *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489 [52 Sup. Ct. 230, 75 L. Ed. 416], where the insured also sought to recover disability benefits under a clause providing that the insurer would pay to the insured a monthly income of 1 per cent of the amount of the policy, which clause, like the one here in question, was related to another provision providing for the waiver of premiums in case of disability, both clauses being based upon a provision that proof of the disability should be furnished to the insurer. In that case, the court said:

"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof*. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams* v. *New York L. Ins. Co.*, 299 Pa. 11, 14 [148 Atl. 855]. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. (*Mutual L. Ins. Co.* v. *Hurni Packing Co.*, 263 U. S. 167, 174 [68 L. Ed. 235, 238, 31 A. L. R. 102, 44 Sup. Ct. 90]; *Stipcich* v. *Mutual L. Ins. Co.*, 277 U. S. 311, 322 [72 L. Ed. 895, 900, 48 Sup. Ct. 512]. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. *Imperial F. Ins. Co.* v. *Coos County*, 151 U. S. 452, 462, 463 [38 L.

Ed. 231, 235, 236, 14 Sup. Ct. 379]. As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. *Klein* v. *New York L. Ins. Co.*, 104 U. S. 88, 91 [26 L. Ed. 662, 663]; *New York L. Ins. Co.* v. *Statham*, 93 U. S. 24, 30, 31 [23 L. Ed. 789, 791, 19 Am. Rep. 512]; *Pilot L. Ins. Co.* v. *Owen* (C. C. A. 4th), 31 Fed. (2d) 862, 866. And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long settled principles.''

It is further urged that as a matter of public policy an insurance company should not be permitted to write insurance contracts of this nature since they are likely to deceive the unwary and lead the ordinary man into feeling that he is relieved from the payment of premiums upon becoming disabled, without further action on his part. While this argument is not without its force it is one that must be addressed to the legislative or administrative branch of the government and not to the courts. We can only interpret the contract as made and it is not within our province to say that the parties may not agree to such a condition as that in question.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.