FANNIE H. HOLTZ, Administratrix of Harry Holtz, Deceased, *v.* NEW YORK LIFE INSURANCE COMPANY, a corporation of the State of New York.

(*June* 7, 1935.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*James M. Tunnell* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for Sussex County, April Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

This is an action to recover disability benefits under a policy of insurance issued by the defendant to the plaintiff's intestate on November 25, 1921.

By its policy the defendant contracted to pay to the insured one per centum of the face value of the policy each month "during the lifetime of the insured and also to waive the payment of premiums, if the insured becomes wholly and permanently disabled before age sixty, subject to all the terms and conditions contained in section 1 hereof."

By section 1, it is provided, *inter alia,* that

"Disability Benefits shall be effective upon receipt at the Company's Home Office, before default in the payment of premium, of

due proof that the Insured became totally and permanently disabled after he received this Policy and before its anniversary on which the Insured's age at nearest birthday is sixty years," and

"The Company will pay the Insured, or if such disability results from insanity will pay the beneficiary in lieu of the Insured, a monthly income of one per cent. of the face of the Policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months, as above and succeeding payments shall become due on the first day of each calendar month thereafter. Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval, and subsequent payments will be made as they become due."

It is alleged in the declaration that the insured became totally and permanently disabled on February 11, 1932, and that said disability continued until the death of the insured, on October 11, 1933. It is further alleged that due proof of said disability was received by the company before default in the payment of premiums and before the insured became sixty years of age, but there is no allegation of the date upon which the proof of disability was submitted to the company.

The defendant has demurred to the declaration, contending that it fails to state a cause of action for the reason that, under the policy, disability benefits are not due until after the proof of disability has been submitted, and that submission of due proof of disability is, therefore, a condition precedent to a recovery.

The plaintiff admits that submission of proof of disability is necessary to fasten liability upon the insuring company, but contends that no time is specified in the policy as to when the proof must be submitted, and that, when proof is submitted, liability for past installments of monthly income is dependent upon the language of the particular policy. Attention is directed to certain provisions of the policy from which it is argued that the Company is liable

for all past, or accrued, installments of monthly income no matter when the proof of disability was furnished; in other words, that the material consideration is the fact of disability, not the submission of proof thereof.

The first provision of the policy cited in support of this argument is,

"The Company will pay the insured * * * a monthly income of one per cent. of the face of the Policy during the lifetime of the Insured and the continuance of such disability."

But this provision is followed immediately by this language,

"The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability. * * *"

The entire paragraph must be read together to ascertain its meaning, and when so read, it may not be said, as contended by the plaintiff, that the

"Company makes itself liable for the full time elapsing during the continuance of such disability and the lifetime of the insured."

Attention is called to the language of the policy,

"Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval, and subsequent payments will be made as they become due."

It is argued that, by this language, the date of the payment of the first installment does not preclude the payment of such installments as have become due prior to the first payment. This provision does not have the effect contended for by the plaintiff. The purpose of this provision is to protect the insured against delay or inaction by the insuring company after proof has been submitted. Upon receipt of proof of disability the company may delay the payment of monthly income in order to investigate the claim, or for no reason at all, but, when approval of the proof is finally given, it is manifestly just that the company should pay

the monthly installments of income which have acccrued subsequent to the submission of the proof. It is not to be supposed that this provision may be construed to mean the fact of disability determines the liability, and that when proof of disability is rendered, the company then becomes liable for all monthly installments of income regardless of when the proof was submitted.

Again, this language of the policy is cited,

"The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the Policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof."

This provision is entirely clear in its meaning, and it is impossible to find within it an intimation even that the liability of the company is dependent alone upon the fact of disability.

The contract of the defendant generally is to pay to the insured a certain monthly income, upon receipt at the Company's Home Office, before default in the payment of premium, of due proof that the insured became totally and permanently disabled; and, specifically, that the first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability. These stipulations are lawful and reasonable. Their object is to acquaint the company with the occurrence of the disability, so that it may make proper investigation and take such action as may be necessary to protect its interests.

We are concerned with a phase of the contract which contemplates a protection to the insured during his lifetime. If the argument of the plaintiff is sound, no proof of disability need be made during the life of the insured, but may be submitted after his death, and, thereupon, the company

becomes liable for the payment of the aggregate of the monthly installments of income from the occurrence of the disability to the death of the insured.

The necessary conclusion would be that the policy constitutes a hybrid contract of insurance which, at the pleasure of the insured, may be availed of as a benefit to himself personally, or as a means of enhancement of his estate upon his death, a result quite outside of the purview of the contract.

■ It is quite true that an insurance contract is construed most strongly against the insurer, since the language of the policy is chosen by it; and whenever legally possible a construction favorable to the insured should be given. *Continental Insurance Co. v. Rosenberg, 7 Penn.* (23 *Del.*) 174, 74 *A.* 1073; *Baltimore Life Insurance Co. v. Floyd, 5 Boyce* (28 *Del.*) 431, 94 *A.* 515. But these rules of construction are applicable where the terms of the policy are of doubtful meaning, and have no application where, as here, the contract is wholly free from ambiguity.

■ The principles of interpretation applicable to contracts of insurance are the same as those which obtain in other contracts. *Continental Insurance Co. v. Rosenberg, supra,* and the canon of construction relied upon by the plaintiff does not warrant the creation of a non-existing ambiguity for the avoidance of hard consequences, or the twisting of a contract into another form of contract, not contemplated by the parties, by "forcing from plain words unusual and unnatural meanings," under the guise of construction. *Bergholm v. Peoria Life Ins. Co. of Peoria, Ill.,* 284 *U. S.* 489, 52 *S. Ct.* 230, 76 *L. Ed.* 416.

■ In the last cited case, Mr. Justice Sutherland, in construing a similar contract of insurance said that the obligation of the company does not rest upon the existence of

the disability; but upon the receipt by the company of proof of disability which is definitely made a condition precedent to an assumption by it of payment of the premium becoming due after the receipt of such proof. See, also, *Mobley v. N. Y. Life Ins. Co.*, 55 *S. Ct.* 876, 79 *L. Ed.*—.

In *Prudential Insurance Co. of America v. Litzke*, 6 *W. W. Harr.* (36 *Del.*) 592, 179 *A.* 492, with respect to a similar policy, Rodney, J., said, that one of the essentials of liability was that

"Due proof of such disability or incapacity must be furnished to the Company at or prior to the time the liability of the Company is to commence," and again,

"The policy here in issue is a life insurance policy carrying a disability clause and the liability of the Company does not begin until it has received 'due proof' of such disability."

*Orr v. Mutual Life Insurance Co. of N. Y.* (*D. C.*), 57 *F.* (2d) 901, and *Jones v. New York Life Insurance Co.*, 158 *Wash.* 12, 290 *P.* 333, are to the same effect.

The contract is not to pay disability benefits as and when total and permanent disability may arise, but upon receipt of due proof of such disability. The submission of proof of disability is a condition precedent necessary to fasten liability upon the defendant for the payment of monthly income; and, the declaration, in failing to allege the date of the submission of proof to the defendant, is defective, and states no cause of action.

The demurrer is sustained.