## STEELE v. NEW YORK LIFE INS. CO.

No. 5483.   Decided August 30, 1935.   (48 P. [2d] 436.)

*Paul E. Reimann,* of Salt Lake City, and *K. C. Tanner,* of Portland, Ore., for appellant.

*Critchlow & Critchlow* and *A. W. Watson,* all of Salt Lake City, for respondent.

MOFFAT, Justice.

This cause was tried to the court sitting with a jury, upon a claim for benefits pursuant to the terms of a policy of insurance issued to Harry M. Steele by the New York Life Insurance Company. The policy was issued June 14, 1925. It is what is termed a life policy with a provision for the payment of benefits in the event the insured became disabled. It is over the disability features the issues herein arise. The language relating to the disability features is as follows:

"The Company agrees to pay to the insured $100 each month during the lifetime of the insured and also to waive the payment of premiums if the insured becomes wholly and presumably permanently disabled before age sixty years, subject to all the terms and conditions contained in Section 1 hereof. * * *

"Section 1—Disability Benefits.

"1. Total Disability.—Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease or so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

"2. Permanent Disability.—Disability shall be presumed to be permanent,—(a) Whenever the Insured will presumably be so totally disabled for life; or—(b) After the Insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof.

"3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is

totally and presumably permanently disabled and that such disability occurred after the insurance under this Policy took effect and before its anniversary on which the Insured's age at nearest birthday is sixty years, the following benefits will be granted:

(a) Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity income payments under this section will be paid to the beneficiary in lieu of the Insured.

"(b) Waiver of Premiums.—The Company will waive payment of any premium falling due after approval of said proof and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of proof will, if paid, be refunded upon approval of proof."

The complaint alleges the issuance of the policy of insurance and quotes the disability benefit clauses above recited. The defendant admits the issuance of the policy and that it is in good standing, but denies total or permanent disability. Evidence was offered and received on behalf of both parties to the action, and following instructions to the jury by the court the matter in issue was submitted. The jury found for the defendant and against plaintiff, "no cause of action." That the jury found that the plaintiff suffered no total or presumably permanent disability within the period limited by the court's instructions is a necessary conclusion from the verdict rendered. No question is raised as to the verdict not finding support in the evidence.

Several errors are assigned, all of which are reduced to two, viz., the giving of one instruction and the refusal to give another except as modified. The assignment as to the modified instruction is not argued, presumably for the reason that the instruction given and the modified instruction both relate to the limiting of the period to be covered by the indemnity to be paid in the event the jury found disability as limited and defined by the court. As stated substantially by appellant, the question presented in this

appeal is whether plaintiff is entitled to indemnity at the rate of $100 per month ($10 on each $1,000 of the face of the policy) from July 15, 1930, or whether he is entitled to receive such amount monthly immediately upon submitting his proof.

The instruction complained of, and which limits the period the jury could consider relating to disability benefits, reads:

"You are instructed that under the policy involved in this case, the right of the insured to receive disability benefits does not accrue to him *until proof of disability is submitted* to the insurance company and received by it at its home office. *The evidence in this case discloses that such proof was not submitted until the 15th day of July, 1930, and consequently, in no event is the plaintiff entitled to any disability payments for any period prior to said 15th day of July, 1930.*" (Italics ours.)

It is not questioned that the proof of disability was submitted to the Insurance Company at its home office on the 15th day of July 1930. The point raised and argued by appellant involves the interpretation of the wording of the disability provision of the policy. Respondent ■ argues that it is obvious if the case made by plaintiff is insufficient to sustain the burden of establishing that he had been totally disabled within the meaning of and for the time required by the policy, the motion for the directed verdict for defendant and the errors, if any, in the instructions, were not prejudicial to plaintiff, and maintains the evidence establishes that plaintiff had not been wholly disabled so that he was prevented from engaging in any occupation for remuneration or profit for not less than three months immediately preceding the receipt of proof. Such position may be suggested and may have certain merits, but since no cross-assignments of error have been made to bring the question before us, we are not in position to review the court's ruling upon that matter. *Jensen* v. *Utah Ry. Co.*, 72 Utah 366, 270 P. 349.

On July 12, 1930, insured submitted to the branch office

of defendant a claim for disability benefits, claiming to have been disabled within the meaning of the policy from February 4, 1930, and continuously up to the date of the claim. This claim, consisting of the insured's statement and his physician's report, constituted the proof of disability submitted to defendant and was received at the home office in New York on June 15, 1930. The company denied liability.

The policy provides for two types of disability: (1) Total disability, and (2) permanent disability.

"Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit." "Disability shall be presumed to be permanent,— (a) Whenever the Insured will presumably be so totally disabled for life; or (b) After the Insured has been so totally disabled for not less than three months immediately preceding receipt of proof."

Disability is a question of fact. Proof of disability is the procedure taken to establish such fact. One may be totally disabled for a period of time and not be permanently disabled. In order to determine the disability whether total and temporary, or total and permanent, the policy contract provided for the submission of proof to the Insurance Company and provided that in the event the claimed disability is established then disability payments shall begin immediately and provided the amount thereof. As we understand the issue presented, it is not claimed that plaintiff was totally and permanently disabled. The claimed disability arose from a disease admittedly curable and established by the proof to be such. So the question is narrowed to the subdivision (b) of the second clause, which provides that, "After the Insured has been so totally disabled for not less than three months immediately preceding receipt of proof," disability will be presumed to be permanent. It appears that the policy provides for total disability which may or may not be permanent; but when total disability is shown to have existed for a period

of not less than three months before receipt of proof, the presumption of permanent disability arises under the policy for the purpose of payment of disability benefits.

The trial court told the jury that the evidence disclosed that the proof of the claimed disability was not submitted to the company until the 15th day of July, 1930, and that plaintiff was not entitled to any disability payments prior to that time. Under the instruction the jury was at liberty to determine from the evidence whether or not the insured had been totally disabled for a period of three months next preceding the date of filing of the proof. Had the jury so found, disability would have been established within the terms of the policy and plaintiff would have been entitled to compensation from the date such proof was received at the home office of the Insurance Company. We think the trial court correctly construed the provisions of the policy and correctly stated the construction in the instructions given to the jury.

The cases construing these or similar clauses, though in many instances not identical have frequently been before the courts. Sometimes one part of the clauses or a particular part of an instruction is attacked, but rarely do we find the same part of identical clauses attacked in the same way. Thus appellant cited the case of *Colovos* v. *Home Life Ins. Co. of New York*, 83 Utah 401, 28 P. (2d) 607. In that case the trial court by instruction fixed a definite date upon which payments should begin, as was done in the instant case. The circumstances were different and no question was raised as to that part of the instruction. The principal point was what disability prevented the insured from "engaging in any occupation and performing any work for compensation or profit." In the case of *Gibson* v. *Equitable Life Assur. Soc.*, 84 U. 452, 36 P. (2d) 105, permanent disability clauses and the rule of construction applied thereto are discussed and cases cited. The case is in some matters analogous, but the particular point involved in the instant case does not arise.

The following cases involve the principle of notice of disability and where required proof thereof are conditions precedent to recovery of disability benefits: *Yohalem* v. *Columbia Nat. Life Ins. Co.,* 136 Misc. 748, 240 N. Y. S. 666; *Bergholm* v. *Peoria Life Ins. Co.* 284 U. S. 489, 52 Ct. 230, 76 L. Ed. 416; *Jones* v. *New York Life Ins. Co.,* 158 Wash. 12, 290 P. 333.

We find no reversible error in the record.

The judgment of the lower court is therefore affirmed, with costs to respondent.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice (concurring).

I concur in the statement in the main opinion that the trial court correctly construed the provisions of the policy and correctly stated the construction in the instructions given to the jury. I therefore concur in the results reached which affirm the judgment of the lower court.