McGuinness, Administratrix, Respondent, vs. New York Life Insurance Company, Appellant.

*March 8—April 12, 1949.*

476

E. B. *Bundy* of Eau Claire, for the appellant.

For the respondent there was a brief by *Slocumb & Bundy* of Menomonie, and oral argument by *Ira A. Slocumb*.

MARTIN, J.   It is plaintiff's contention that disability income payments became due from defendant from the time the disability occurred on August 26, 1942, and it is defendant's contention that disability income payments became due from January 19, 1944, the date upon which notice was received by the defendant.

Section 1 of the policy in question is entitled "disability benefits" and clause 1 of the contract states :

"Disability benefits shall be *effective* upon receipt at the company's home office, . . . of due proof that the insured became totally and permanently disabled after he received this policy. . . ."   (Italics ours.)

In the case of *Equitable Life Assur. Soc. v. Adams* (1937), 56 Ga. App. 5, 192 S. E. 90, the court defined the word *effective* in a case similar to the present one, holding that the term "effective" as it relates to disability benefits does not differ in meaning from the same term when applied to the policy itself. It means that the right to the benefits does not go into effect until the prerequisites occur. It held that under an insurance policy providing for disability benefits to be "effective" on receipt of due proof that insured is totally and permanently disabled, the first payment to be payable on receipt of proof of disability and subsequent payments monthly thereafter, payments are not due for a period before proof was made though actual disability had existed for approximately five years.

In the present case the assured may have been permanently and totally disabled on and after August 26, 1942, but he did not file proof of such disability until January 19, 1944. The situation is the same as that existing in *Equitable Life Assur. Soc. v. Adams, supra.*

The pertinent part of clause 2 (income payments) is:

"The company will pay the insured, . . . a monthly income of one per cent of the face of the policy during the lifetime of the insured and the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months."

Clause 3 (waiver of premiums) does not have any bearing in the instant case.

The right to disability benefits in the present policy does not go into effect until the prerequisites occur—the contract must remain in force, the insured must not be over sixty years of age, must be totally and permanently disabled, and due proof of such disability must be furnished the company. All these are necessary steps before the disability benefits become effective. The contract is wholly free from ambiguity.

See also *Holtz v. New York Life Ins. Co.* (1935), 37 Del. 1, 179 Atl. 497; *Jenkins v. New York Life Ins. Co.* (1940), 122 W. Va. 73, 7 S. E. (2d) 343; *Rowan v. New York Life Ins. Co.* (St. Louis Ct. App. 1939), 124 S. W. (2d) 577.

*Schlintz v. Equitable Life Assur. Soc.* (1937), 226 Wis. 255, 276 N. W. 336, is distinguishable for it was devoted largely to construction of the clause relating to waiver of premiums and the question of impossibility of furnishing the required proof of disability by the insured because of his mental incapacity. There is a part of the *Schlintz Case* (p. 269) relating to the question of when disability benefits were payable, and it is the language in this part of the decision upon which plaintiff relies. However, mental incapacity to file due proof at the time the disability occurred was the cause for granting the relief prayed for, not only for waiver of premium to keep the policy in force, but as to disability income payments dating back to the date of the original disability.

In the present case there is no incapacity of any kind that prevented the insured from filing his proof of disability at an earlier date, such as mental incapacity as in the *Schlintz Case* or physical impossibility as in *Comstock v. Fraternal Accident Asso.* (1903), 116 Wis. 382, 93 N. W. 22, and *Mutual Life Ins. Co. v. Johnson* (1934), 293 U. S. 335, 55 Sup. Ct. 154, 79 L. Ed. 398, (which affirmed *Johnson v. Mut. Life Ins. Co.* (4th Cir. 1934), 70 Fed. (2d) 41).

It follows, therefore, that the judgment rendered by the circuit court should be reversed.

*By the Court.*—Judgment reversed with directions to enter judgment dismissing plaintiff's complaint.