Berry, J.
This is a motion made by the defendant, pursuant to the provisions of rule 114 of the Rules of Civil Practice, for partial summary judgment dismissing the second cause of action set forth in the complaint herein.
*778 Plaintiff instituted this action for judgment upon two life insurance policies containing provisions for disability benefits for payments alleged to be due in accordance with such provisions. We are not presently concerned with the first cause of action, as it is conceded that there are both factual and legal issues to be determined. However, defendant urges that the clear, unambiguous language of the policy, under the terms of which plaintiff seeks judgment on the second cause of action, does not warrant its maintenance.
The second cause of action alleges, generally, the issuance of the policy on March 20,1923; that the defendant contracted and promised, inter alia, upon receipt, before default in the payment of the premium and before the anniversary of the policy on which the insured’s age at nearest birthday is sixty, of due proof that the insured is or has been totally disabled as therein defined, to grant certain benefits, viz., waiver of any premium, and payment of $20 per month for each completed month from the commencement and during the period of the continuous total disability; that commencing January 1, 1951, and uninterruptedly to and beyond November 24, 1954, and before the anniversary of the policy under which the insured’s age at nearest birthday was sixty, and while the policy was in full force and effect, and without default, plaintiff was and has been continuously disabled, as therein provided and defined; that due proof of this continuous and permanent disability was served upon the defendant at its home office; that by the terms of the policy, plaintiff was entitled to and there is now due and owing to Mm, waiver of premiums totaling $205.92, and $20 a month from January 1, 1951, and a continuing sum of $20 a month for each month thereafter, to October, 1954, totaling $920. After alleging nonpayment, demand is made for judgment in the sum of $1,125.92, with appropriate interest. Defendant admits the issuance of the policy, but demes all the other allegations contained in the aforesaid cause of action.
It should be noted that the date when notice of disability was given to the defendant is omitted from the allegations of the complaint. In the moving papers, however, defendant established that the notice of disability, which is dated November 17, 1954, was not given to the defendant prior to November 24,1954.
The question to be determined is whether, under the terms of the policy presently to be construed by the court, disability benefits become payable prior to the receipt of such notice of disability.
*779 The pertinent disability benefit provisions contained in the policy are as follows:
“ 1. Disability Benefits shall be effective upon receipt at the Company’s Home Office, before default in the payment of premium, of due proof that the Insured became totally and permanently disabled after he received this Policy and before its anniversary on which the insured’s age at nearest birthday is sixty years.
‘ ‘ Disability shall be deemed to be total whenever the insured becomes wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and under this contract disability shall be presumed to be permanent after the Insured has been continuously so disabled for not less than three months and during all of that period prevented from engaging in any occupation for remuneration or profit. The permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, shall be considered total and permanent disability without prejudice to other causes of disability.
“ 2. Income payments. The Company will pay the Insured or if such disability results from insanity will pay the beneficiary in lieu of the Insured, a monthly income of one per cent of the face of the Policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months, as above, and succeeding payments shall become due on the first day of each calendar month thereafter. Any income payments becoming due before the Company approves the proof of disability shall become payable upon such approval, and subsequent payments will be made as they become due.
“ 3. Waiver of premiums. The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the Policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof.”
It is well settled, as was said in Bergholm v. Peoria Life Ins. Co. (284 U. S. 489, 492) that, “ Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. ’ ’
*780 In Perlman v. New York Life Ins. Co. (234 App. Div. 359, 361-362) the court, construing a clause not varying greatly from the one now before the court, stated that, “ We do not find any ambiguity; and, therefore, are not called upon to make a choice of interpretation. It would strain the terms of the policies to hold that defendant is obligated to pay disability benefits for the period of three months prior to the receipt of proof. ’ ’
So, also, in Bergholm v. Peoria Life Ins. Co. (supra, p. 492) the court determined that, “ it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof.”
The foregoing clauses of the policy do not appear to have been judicially construed in this State. However, in other jurisdictions the identical question has been litigated.
In Holtz v. New York Life Ins. Co. (7 Har. [37 Del.] 1, 6 — 7), we find the following: ‘ ‘ The principles of interpretation applicable to contracts of insurance are the same as those which obtain in other contracts. Continental Insurance Co. v. Rosenberg (supra), and the canon of construction relied upon by the plaintiff does not warrant the creation of a non-existing ambiguity for the avoidance of hard consequences, or the twisting of a contract into another form of contract, not contemplated by the parties, by forcing from plain words unusual and unnatural meanings,’ under the guise of construction. Bergholm v. Peoria Life Ins. Co. of Peoria, Ill., 284 U. S. 489 * * * The contract is not to pay disability benefits as and when total and permanent disability may arise, but upon receipt of due proof of such disability. The submission of proof of disability is a condition precedent necessary to fasten liability upon the defendant for the payment of monthly income ”,
In Rowan v. New York Life Ins. Co. (124 S. W. 2d 577, 580-581 [Mo.]), the court, after a detailed discussion, held: “ Our conclusion is, therefore, that when all the provisions relating to disability benefits are read together and each is given its natural meaning and effect, there is no ambiguity in the contract to be resolved one way or another, and that while it was concededly the insured’s total and permanent disability which was the contingency insured against, it was not the commencement of disability, but the receipt of proof of disability at the defendant’s home office, which rendered the disability benefits ‘ effective ’, so as to mark the beginning of the period for which disability benefits were to be thereafter allowed. This seems to us to be the plain import of the contract, and certainly so when the word ‘ effective ’ is given its ordinary and usual *781 meaning as denoting the production of an effect or result whose continuance in the future it suggests. * * * In view of what has been said, we must hold there was no case for submission to the jury ”.
Similarly, in McGuinness v. New York Life Ins. Co. (254 Wis. 475, 478), the court declared that, “ The right to disability benefits in the present policy does not go into effect until the prerequisites occur — the contract must remain in force, the insured must not be over, sixty years of age, must be totally and permanently disabled, and due proof of such disability must be furnished the company. All these are necessary steps before the disability benefits become effective. The contract is wholly free from ambiguity.”
And, in Berke v. New York Life Ins. Co. (208 Minn. 210, 215), the court determined that, “It is clear that the monthly disability benefits in this policy is the sum of $500, neither more nor less, and that the first income payment becomes due on the first day of the calendar month following the receipt of proof of total and permanent disability. That is, receipt of proof by defendant of the insured’s total and permanent disability makes effective the obligation to make the first payment. There is no provision in any other part of the policy that can be construed as suggesting any other meaning than upon receipt by defendant of proof of the insured’s total and permanent disability, before attaining 60 years, and premiums paid, $500 becomes due and payable on the first of the following calendar month.”
The court therefore concludes that there is no ambiguity and that the intent and purpose of the provisions are clear.
Defendant’s motion is in all respects granted. Judgment is directed dismissing the second cause of action.