WILLIAM J. WHITESIDE, Respondent, *v.* THE NORTH AMERICAN ACCIDENT INSURANCE COMPANY OF CHICAGO, ILLINOIS, Appellant.

Insurance (health)— requirement, in policy of insurance against sickness, that notice of sickness must be given to insurer within ten days after commencement thereof— when policyholder not excused for failure to mail such notice because he was delirious.

While, as a general rule, where the performance of a duty created by law is prevented by inevitable accident, without the fault of a party, the default will be excused, yet when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither inevitable accident nor other unforeseen contingency not within his control will excuse him, for the reason that he might have provided against them by his contract.

A policy of insurance contained a provision that written notice from the insured or his representative stating the time, place and nature of injury, or death, or commencement of sickness, must be mailed to the secretary of the company at its home office within ten days after the date of such injury, death or commencement of such sickness, as conditions precedent to recovery. In an action on the policy to recover the sum stipulated to be paid weekly in case of sickness, the complaint alleged that during the early part of his sickness plaintiff was delirious and unable to remember that he had the policy of insurance, and had wholly forgotten that fact, and later, but after the time stipulated in the policy, caused notice to be sent to the defendant of such sickness. *Held*, that the complaint did not set forth a cause of action in view of the facts appearing therein concerning the failure of the insured to serve or cause such notice to be served.

*Whiteside* v. *North American Acc. Ins. Co.*, 119 App. Div. 915, reversed.

(Submitted November 28, 1910; decided January 3, 1911.)

APPEAL from a judgment entered May 14, 1907, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directed judgment for plaintiff for the amount demanded in the complaint under a stipulation made by the parties hereto.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Safford E. North* for appellant. Delirious sickness rendering it impossible for an insured to attend to a condition of the policy will not excuse default. ( *Wheeler* v. *C. M. L. Ins. Co.,* 82 N. Y. 543; *Klein* v. *Ins. Co.,* 104 U. S. 88; *Heywood* v. *M. M. A. Assn.,* 85 Me. 289 ; *Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 356; *Perry* v. *Caledonia Ins. Co.,* 103 App. Div. 113 ; *Roehner* v. *K. L. Ins. Co.,* 63 N. Y. 160; *Martin* v. *M. A. Co.,* 151 N. Y. 94; *Peabody* v. *Satterlee,* 166 N. Y. 174; *Glazer* v. *H. Ins. Co.,* 113 App. Div. 235.)

*Francis T. Moynihan* for respondent. The assured must have a fair opportunity to serve his notice and a delay of a few days, depending as to the length of time upon all the circumstances of the case, ought not to defeat a recovery upon the policy. ( *Weed* v. *H. B. F. Ins. Co.,* 133 N. Y. 394; *Solomon* v. *C. Ins. Co.,* 160 N. Y. 505.)

HISCOCK, J. This action was brought on a policy of insurance issued by the appellant, whereby, amongst other things, it agreed to pay to the insured a certain sum each week during sickness. The policy is not set forth in full, but the complaint alleges that it contained " A provision that written notice from the insured or his representative stating the time, place and nature of injury, or death, or commencement of sickness, must be mailed to the Secretary of the Company at

its home office   *   *   *   within ten days after the date of such injury, death or commencement of such sickness, as conditions precedent to recovery."

Said complaint, after further alleging that the respondent, on November 13, 1904, and thereafter, was sick for the period of a month to a degree and in a manner which brought him within the terms of the policy, contains this important allegation: "And the plaintiff further alleges that during the early part of said sickness he was delirious and unable to remember that he had said policy of insurance, and had wholly forgotten that fact until about the 10th day of December, 1904, when he caused notice to be sent to the defendant of such sickness," and the defendant repudiated liability because of failure to serve notice of sickness in accordance with the terms of said policy.

The question which has been argued is whether or not the insured was relieved from compliance with the terms of his policy requiring service of notice as above stated by reason of mental and physical inability to prepare and serve the same within the time specified.

This question is presented to us by means of a procedure somewhat out of the ordinary course. Originally appellant seems to have answered in the case but it appears by stipulation subsequently made that this answer was withdrawn and the case "submitted on the facts stated in the complaint as upon application for judgment." Therefore, the query practically is whether the complaint sets forth a cause of action in view of the facts appearing therein concerning the failure of respondent to serve or cause to be served the notice which has been mentioned.

There is no dispute that the insurer might and did make it a substantial provision of its contract of insurance and a condition precedent to recovery that it should within a specified time be notified of any sickness of the insured for which he expected to make a claim under his policy. This was a condition which was not only lawful but which we can readily see was only a reasonable and suitable protection to the com-

pany against fraudulent claims. It is, however, urged that an insured might be and in this case was relieved from compliance with this provision by a physical and mental condition which precluded such compliance by him. Some question is made and fairly arises on the allegations of the complaint whether the insured was delirious and, therefore, unable to remember the terms of his policy of insurance down to the date when he finally did cause notice to be served, but I shall assume for the purpose of this discussion that the complaint does allege such condition and, therefore, such excuse for non-action on his part.

In most cases of possible municipal liability for negligence, statutory provisions require as a condition precedent to recovery that notice of claim shall be served and action commenced within a certain time after the injuries are alleged to have been received, and in actions brought to enforce such liabilities it has been held that physical and mental disability may operate as an excuse for failure on the part of the injured person to act within the time specified by the statute, provided he does act with promptness after the disability has ceased. Sometimes a notice otherwise late has been said under these circumstances to be a substantial compliance with the statute, and at other times it has been written in substance that the statute should not be construed as requiring impossibilities, and, therefore, inability to serve notice should until removed be a sufficient excuse for not serving it. (*Walden* v. *City of Jamestown*, 178 N. Y. 213, 216; *Green* v. *Village of Port Jervis*, 55 App. Div. 58.; *Forsyth* v. *City of Oswego*, 191 N. Y. 441.)

It is to be observed, however, that in these cases the court was dealing with an exaction and burden placed on a claimant without his consent by statute. That is not this case. Here the parties by their free and voluntary action have entered into a contract by which each has assumed certain obligations. The insurance company has agreed to make certain payments on account of sickness, and the assured as a condition precedent to the enforcement of such obligation has agreed to the

payment of certain premiums and to the service of the notice in question, which might have been prepared and served by some one else in his behalf if he was incapacitated from personally doing it. All of these provisions and engagements enter into the substance of the contract which respondent is seeking to enforce, and under such circumstances the courts will not relieve either party under the conditions here presented from fulfillment of the engagement which he has voluntarily undertaken. This distinction between obligations imposed on a party by statute and against his will, and those voluntarily assumed by him as a part of a contract, is clearly recognized by the decisions.

In *Wheeler* v. *Connecticut Mutual Life Ins. Co.* (82 N. Y. 543) an application was made to a court of equity to prevent the defendant from enforcing a clause in its policy forfeiting the same for non-payment of premiums when such non-payment resulted from the insanity of the insured. The court having stated that equity would relieve against a forfeiture in many cases, then referred to the fact that the condition in the policy did not require the insured himself to pay the premiums and that such payment could have been made quite as well by some one else in his behalf, and then laid down the following principle: "While as a general rule, where the performance of a duty created by law is prevented by inevitable accident, without the fault of a party, the default will be excused, yet when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither inevitable accident, nor other unforeseen contingency not within his control, will excuse him, for the reason that he might have provided against them by his contract. * * * The principle thus established has been especially applied in reference to policies of insurance, where the payment of the premium is held to be a condition precedent which must be kept or the policy falls. * * * While a court of equity will interpose its power to relieve against forfeitures for a breach of a condition subsequent caused by unavoidable accident, by fraud, surprise or ignorance, in many

cases, that power has never been extended so as to excuse a breach of a contract of this description arising from the disability of a party caused by sickness or insanity." (pp. 550–552.)

In *Klein* v. *Insurance Co.* (104 U. S. 88) a defense was interposed under a clause in a policy forfeiting the same in case premiums were not paid on or before the several days therein mentioned for the payment thereof. The plaintiff, a beneficiary under the policy in question, alleged that the policy was taken out by the insured without her knowledge and that she had received no information of its terms or conditions until after his death, and that for some time before the latter event he had been sick and deranged and for that reason had failed to pay the premium when it was due. The court refused to excuse the non-performance and resulting forfeiture for the reasons urged and amongst other things said : " In a contract of life insurance the insurer and assured both take risks. The insurance company is bound to pay the entire insurance money, even though the party whose life is insured dies the day after the execution of the policy, and after the payment of but a single premium. The assured assumes the risk of paying premiums during the life on which the insurance is taken, even though their aggregate amount should exceed the insurance money. He also takes the risk of the forfeiture of his policy if the premiums are not paid on the day they fall due. The insurance company has the same claim to be relieved in equity from loss resulting from risks assumed by it as the assured has from loss consequent on the risk assumed by him. Neither has any such right." (p. 92.)

Kerr on Insurance lays down the rule (p. 451): " The contract of insurance being a voluntary one, the insurers have a right to designate the terms upon which they will become liable for a loss. The insurer and insured can, in the absence of legislative interference, make a contract to their mutual liking, and can insert in it such conditions and agreements as they choose regulating the rights, duties and obligations of each, both before and after loss; providing always that they are not

unreasonable or contrary to public policy or the law of the land. And when parties have made their own contract, have agreed upon their own terms and assented to certain conditions, the courts cannot change them and must not permit them to be violated or disregarded. The conditions may seem harsh and useless, but they are the result of the meeting of the minds of parties capable in law of contracting, and if they have not been waived, or if one party has not been prevented from complying by the act of the other, all conditions must be respected and enforced." (See, also, *Roehner* v. *Knickerbocker Life Ins. Co.,* 63 N. Y. 160, 164 ; *Heywood* v. *Maine Mut. Accident Assn.,* 85 Me. 289.)

Under the principles asserted in these authorities, and which are not contradicted or overthrown by any of the cases cited in behalf of the respondent, I think that the latter must be held to the terms of the contract which he had voluntarily made, and that having assented to a provision requiring notice of sickness within a certain time as a condition to recovery, he cannot be excused from fulfillment for the reasons alleged, and especially that this is true in view of the fact already mentioned that the notice called for by his contract might have been served by another person if he was disabled from personally so doing.

I recommend that the judgment of the Appellate Division be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

HAIGHT, J. (dissenting). On the 13th day of November, 1904, the plaintiff became sick, and subsequently, and on or about the 15th of the month, he was confined to his house by reason of such sickness and was visited by a legally qualified physician for one month, and was thereafter, during convalescence, disabled from performing business for a period of more than eight months. On the 10th day of December, 1904, he caused notice to be sent to the defendant of such sickness, whose policy of insurance he held for injury, death or sickness. The policy contained a provision to the effect

that a written notice from the insured or his representative, stating the time, place and nature of injury or death or commencement of sickness, must be mailed to the secretary of the company at his office in Chicago, Illinois, within ten days after the date of such injury, death or commencement of such sickness, as conditions precedent to recovery.

I think that the strict rule which obtains with reference to notice of injury or death does not and should not apply to that of sickness. An injury or death are events which do not admit of any doubt with reference to time or place at which they occur. But it is often quite different with reference to disease and sickness, which may approach gradually and under circumstances which the patient may not be aware of their existence or that he is seriously afflicted therefrom to an extent necessary for his application for relief under the provisions of his policy. The commencement of sickness, therefore, in many cases, is an indefinite term as to time and place. The purpose of the notice is to give the company an opportunity to investigate and ascertain the facts with reference to the sickness, and it is, therefore, fully protected by holding that its liability for contribution during the period of the sickness only commences to run from the time that the notice is given, or the ten days specified in the notice preceding that time. Such I believe should be the construction of the provision of the policy.

The plaintiff should, therefore, be permitted to recover the amount stipulated in the policy for sickness after the first day of December, 1904.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT and COLLIN, JJ., concur with HISCOCK, J.; VANN, J., concurs with HAIGHT, J.

Judgment reversed, etc.