## McKEGNEY v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Division, First Department.   December 3, 1915.)

1. PRINCIPAL AND SURETY ☞123—CONTRACT—NOTICE OF PRINCIPAL'S DEFAULT—SUFFICIENCY.

Under a contractor's surety bond, issued in New York by a surety company whose home office was in Chicago, making its terms conditions precedent to any recovery thereon, and providing that the company should be notified in writing of any default on the part of the principal involving a claim or loss for which the company might be responsible within 48 hours after the occurrence of such default came to the knowledge of the owner, to be given by a registered letter mailed to its home office, and that in any event, and not more than 30 days after such default, the owner should file at its home office proofs of the facts showing the default, the purpose of the provision was to insure prompt notice of the contractor's default, and the manner of notice was immaterial, so long as it was received within the time specified by the contract; so that a written notice to its home office more than 48 hours after the owner was aware of the contractor's default and had actually canceled the contract on account of such default, and written notices delivered at its New York office, instead of by registered letter mailed to its home office, were sufficient.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 304–311; Dec. Dig. ☞123.]

2. CORPORATIONS ☞484—CONTRACT AS SURETY—TERMS AND CONDITIONS—COMPLIANCE.

A corporation surety, like any other, is entitled to insist, in all matters of substance, upon a strict compliance with the terms and conditions upon which it assumes its obligation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. ☞484.]

McLaughlin and Dowling, JJ., dissenting.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, New York County.

Action by Terence McKegney against the Illinois Surety Company. From a judgment in favor of defendant upon the dismissal of the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Cornelius Huth, of New York City, for appellant.
L. Laflin Kellogg, of New York City, for respondent.

SCOTT, J. This action is upon a surety bond given to assure the performance of a building contract. The defendant is a surety company organized under the laws of the state of Illinois and having an office in Chicago. It also does business in this state and has an office for the transaction of its business in the city of New York, where the bond sued upon was executed.

The point upon which the motion to dismiss the complaint was granted, and the only point which it is necessary to discuss upon this appeal, is the sufficiency of the service upon the surety of the notice of its principal's default. Upon this subject the bond reads as follows:

"This bond is issued and accepted subject to the following conditions, which shall be conditions precedent to any right to recover hereunder: (1) That said surety shall be notified in writing of any act, omission, or default on the part of the said principal, or his, their, or its agents or employés, which may involve a claim or loss for which the said surety is or may be responsible hereunder, within 48 hours after the occurrence of such act, omission, or default shall have come to the knowledge of the owner, or his, its, or their agents, officers, or representatives. Said notification must be given by a United States post office registered letter mailed to the said surety at its principal office in Chicago, Illinois; and in any event, not later than 30 days after the occurrence of any such default, the owner shall file with the surety at its principal office in the city of Chicago, Illinois, written proofs of the principal facts showing such default and the date thereof."

What happened was that the contractor, for whom defendant had become surety, became so dilatory in his work that it was evident that he could not complete it within the contract term, and on December 16, 1912, plaintiff so notified the defendant by a letter delivered to it at its New York office. On December 20, 1912, plaintiff addressed to defendant and delivered to it at its New York office two letters, one of which was a further notification of the failure of the contractor to perform his contract, and the other of which was a formal notice that, in consequence of such failure of the contractor, the plaintiff, as authorized by the contract, had elected to and did declare the contract void and forfeited. On December 27, 1912, plaintiff again notified defendant, by a registered letter sent to its office in Chicago, of the default of the contractor.

[1] The point upon which the complaint was dismissed, and which is sought to be sustained by the respondent, is that plaintiff failed to give defendant notice of the default of the contractor within the time and in the manner prescribed in that clause of the contract quoted above. The letter of December 27th, sent to defendant at its Chicago

office in strict conformity with the terms of the contract, is said to have been sent too late, because it was sent more than 48 hours after the plaintiff had become aware of the contractor's default, and had actually canceled the contract on account of such default. The two letters of December 20th, which fulfill all the requirements of notice under the contract and were delivered in due time, are said to have been ineffectual, because delivered to defendant at its New York office, and not "given by a United States post office registered letter mailed to the said surety at its principal office in Chicago, Illinois."

This ruling, we consider, pushed the rule of strictissimi juris too far. The purpose of the clause which we have quoted from the surety bond is to insure prompt notice to the surety of a default on the part of the contractor. Just how that notice is given is immaterial, so long as it is given and is received by the surety within the time specified in the contract. If the notice had been delivered to the surety in Chicago by the hand of a special messenger, instead of being sent through the mail, the surety certainly would not have been heard to object that the notice was ineffective because of the manner of delivery to it. Such an objection would have been too meticulous and frivolous to warrant serious consideration.

No less frivolous, in our opinion, is the objection that it was delivered to defendant in one of its offices, rather than in another. The important fact is that it was delivered in due time, and, as to the notice of December 20th, this is admitted by the amended answer, and was clearly proved upon the trial. Thereby the defendant obtained the opportunity to protect istelf for which it had provided in the undertaking. It has frequently been held in other jurisdictions, and with good reason, that the ancient doctrine that a surety is a favorite in the law and that a claim against him is always strictissimi juris does not apply, at least so far as nonessentials are concerned, when the bond or undertaking is executed for a consideration by a corporation organized for the purpose of acting as surety. New Haven v. Eastern Brick Paving Co., 78 Conn. 689–702, 63 Atl. 517; Supreme Council, etc., v. Fidelity & Casualty Co., 63 Fed. 48–58, 11 C. C. A. 96. In United States Fidelity & Guaranty Co. v. United States, 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 242, it was said:

"The rule of strictissimi juris is a stringent one, and is liable at times to work a practical injustice. It is one which ought not to be extended to contracts not within the reason of the rule, particularly when the bond is underwritten by a corporation, which has undertaken for a profit to insure the obligee against a failure of performance on the part of the principal obligor."

[2] Of course a corporation surety, like any other, is entitled to insist, in all matters of substance, upon a strict compliance with the terms and conditions upon which it assumed the obligation, and if this were a case of an entire failure of notice of the contractor's default, or an undue delay in giving such notice, a very different question would be presented. Whiteside v. North American Accident Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696; National Surety Co. v. Long, 125 Fed. 887, 60 C. C. A. 623. That, however, is not the case. Here the notice was given in due time, and admittedly

was received by the defendant. That it was not transmitted to defendant in the precise manner stipulated in the bond is immaterial.

The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and LAUGHLIN, J., concur.

McLAUGHLIN, J. (dissenting). In case of the principal's default, the bond expressly provided that notice thereof was to be given to the surety company within 48 hours after knowledge came to the owner. It also provided the place where and the manner in which such notice was to be given. It was to be by registered letter mailed to the surety company at its principal office in Chicago, Ill. It was not so given within the time specified. The surety company had a right to contract when, where, and in what manner the notice should be given, and to hold that a notice given in a different way and at a different place is sufficient is, in effect, to make a new contract for the parties.

I am unable to concur in the opinion of Mr. Justice SCOTT that a notice given to the surety company's branch office in New York City is equivalent to a notice given in the manner provided in the contract, addressed to the general office in Chicago. I think the judgment is right, and should be affirmed, with costs.

DOWLING, J., concurs.