———————— YOHALEM, Plaintiff, *v.* COLUMBIAN NATIONAL LIFE INSURANCE COMPANY, Defendant.

City Court of New York, ——— County, February 13, 1930.

*Rumsey & Morgan*, for the plaintiff.

*Platt, Field & Taylor*, for the defendant.

KELLER, J. This case was tried before the court without a jury on stipulated facts. The action is brought under a total permanent disability clause contained in a policy of life insurance for $10,000. The policy was paid after the death of the insured. This action is brought by the administratrix for an additional sum of $1,333.93 for premiums and benefits on the total and permanent disability clause for which a separate premium was paid. It is agreed by the stipulation that the insured became ill on October 1, 1926, and was unable to engage in any occupation for remuneration or profit up to the date of his death on March 13, 1928. After the death of the insured the plaintiff offered proof of total and permanent disability, which defendant refused to receive because it was not notified of the disability prior to the date of the death of the insured. No claim was made because of such disability until after the death of the insured. The policy provides total and permanent disability benefits as follows: (A) Waiver of premiums. (B) Annuity payments. These benefits are predicated on due proof " that *he is* and thereby *will be* " permanently disabled and that such disability has existed for sixty days prior to the furnishing of proof. The waiver of premiums is to be by indorsement on the policy. The annuity payments are to be made in monthly installments. The first monthly installment is to be made six months after due proof of total disability and subsequent payments monthly thereafter during the continuance of total disability. Plaintiff contends that the policy provision requiring notice and proof of disability fixes the time of payment by defendant, so that no liability accrued until such proof was made or waived; that late proof is to be distinguished from failure of proof and that the courts are disinclined to deprive the insured of the benefits of insurance unless his default works a forfeiture by the definite language of the policy.

While there seems to be no decision in this State construing the effect of a notice of total permanent disability given after the death of the insured, with respect to benefits such as those claimed here, I am satisfied that both the definite language of the policy and the decisions in other jurisdictions do not sustain plaintiff's contention. The language of the insurance contract " that *he is* and *will be* " permanently disabled has reference to a condition present during the lifetime of the insured. The provision in subdivision (B) of the policy that the first installment in monthly payments shall be made six months after due proof of such total disability accompanied by the policy for indorsement and subsequent payments monthly during the continuance of total disability clearly negatives the claim that proof of disability supplied after

death entitles the claimant to recover. It is fundamental in such cases that the insurer, in order to protect itself from fraud, may provide for such notice as will enable it to investigate the claim of disability. Notice of disability and indorsement of the waiver of premiums were substantial provisions of the contract and became conditions precedent to recovery. (*Whiteside* v. *North American Accident Insurance Co.*, 200 N. Y. 320; *O'Reilly* v. *Guardian Mutual Life Insurance Co.*, 60 id. 169.) While the above cases do not involve total disability policies, they are authority for the principle that notice and proof were a condition precedent to the right of recovery. Cases in other jurisdictions involving total disability clauses in which it was held that notice was a condition precedent to recovery and waiver of premiums was likewise a condition precedent to recovery are *New York Life Insurance Co.* v. *Alexander* (122 Miss. 813; 85 So. 93) and *Watts* v. *Metropolitan Life Insurance Co.* (211 Ala. 404; 100 So. 812).

Nor can the two premiums of $251.30 be recovered in this action under the waiver of premium clause. In *Courson* v. *New York Life Insurance Co.* (295 Penn. St. 518; 145 A. 530) the claim was for the return of premiums after the death of the insured, who became insane. No notice of the insanity of the insured having been given until after his death, the premiums claimed having been paid during the period of insanity were held not recoverable. The clauses in that policy as to waiver of premiums and notice were very similar to the clauses in the policy under consideration here. In that case the court, relying on the New York case of *Whiteside* v. *North American Accident Insurance Co.* (*supra*), said that both waiver by indorsement and due notice were conditions precedent to recovery. Again in *Penn Mutual Life Insurance Co.* v. *Milton* (33 Ga. App. 634; 127 S. E. 798) language almost identical with the language in this case was construed, and the court held that proof should be furnished during the existence of the disability. The entire structure of the contract negatives the idea of a self-operating waiver in the event of total disability. Indorsement on the policy was a condition precedent to such waiver, and the insured was liable for the premium which became due before the insurer was notified of total permanent disability. (*Walters* v. *Jefferson Standard Life Insurance Co.*, 159 Tenn. 541; 20 S. W. [2d] 1038; *New England Mutual Life Insurance Co.* v. *Reynolds*, 217 Ala. 307; 116 So. 151.)

Judgment for defendant dismissing complaint; exception to plaintiff, who is allowed a ten-day stay and thirty days to make a case. Submit findings accordingly.