JOSEPH MUTCHNICK, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 20, 1935.

*Rosenwein & Rosenzweig* [*Samuel Rosenwein* of counsel], for the plaintiff.

*Hirsh, Newman, Reass & Becker* [*Irving Moldauer* and *Joseph Rosenblatt* of counsel], for the defendant.

GENUNG, J. Plaintiff claims to have become wholly, continuously and permanently disabled on January 10, 1932. He furnished claim proofs on October 18, 1933, and has received disability benefits since that date. The issue is whether he is entitled to receive disability benefits from the date of claimed disability or from and after the date of filing of the proofs, and also whether he may recover premiums paid during such period of time. The complaint sets forth six causes of action based on three policies of insurance issued by the defendant on the life of the plaintiff, as follows: Policy No. 385170, $2,000, April 27, 1914; Policy No. 742335,

$1,000, August 25, 1920; Policy No. 906759, $2,000, September 20, 1922.

The first, third and fifth causes of action are to recover disability benefits on policies Nos. 385170, 742335 and 906759, respectively, for the period from January 10, 1932, to October 18, 1933.

The second, fourth and sixth causes of action are to recover premiums paid upon the aforesaid respective policies during the aforesaid period.

The proofs when filed disclosed that the insured underwent an operation on August 4, 1933, and was then totally disabled, suffering from a brain tumor and being totally blind. The defendant recognized the plaintiff's claim as of October 18, 1933, and thereafter, with certain limitations as provided by the policy clauses, paid the disability benefits and waived premiums.

The courts of this State have uniformly held that the filing of due proofs of disability is a condition precedent to the incurrence of any liability on the part of the insurer. (*Ginell* v. *Prudential Insurance Co.*, 237 N. Y. 554; *Levitt* v. *Prudential Insurance Co.*, 150 Misc. 754; *Corbett* v. *Phœnix Mutual Life Insurance Co.*, 144 id. 872; *Epstein* v. *Mutual Life Insurance Co.*, 143 id. 587; affd., 236 App. Div. 843; *Perlman* v. *New York Life Insurance Co.*, 234 id. 359; *Yohalem* v. *Columbian National Life Insurance Co.*, 136 Misc. 748; *Morrison* v. *New York Life Insurance Co.*, 154 id. 639; *New York Life Insurance Co.* v. *Chanson*, Id. 643.)

Plaintiff relies upon two recent decisions and upon certain authorities from other jurisdictions in support of his contention, either that the language is unambiguous and clearly warrants his claim, or that it is ambiguous and, therefore, must be construed in his favor.

It is difficult to see any ambiguity in these provisions. These policies expressly provide that the insured shall be entitled to the benefits provided for only from and after the filing of due proof. It appears clear that the furnishing of due proof of disability while the policy was in full force and effect is a condition precedent to the accrual of any claim for disability benefits on these policies, and that the plaintiff is entitled to such benefits and to a waiver of premiums only from and after that time. Deleting irrelevant language, for purposes of construction, the provisions of policy No. 906759 read as follows:

" 1. If  *  *  *  the Insured shall become wholly and permanently disabled  *  *  *, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, then,  *  *  *  the Company *Will upon receipt of*

*due proof of such disability, Grant* the following benefits *subject to the terms and conditions herein set forth* and to the payment of any unpaid balance of premiums for the first year hereunder and under the policy.

" 2. \* \* \* the Company *will waive* the payment of *further premiums*, during the continuance of the disability, and will pay to the Insured, subject to the ·conditions and limitations of this provision, \* \* \* a sum equal to one per centum of the face amount of the policy exclusive of any policy additions, and a like sum monthly thereafter during the continuance of the disability, until the maturity of the policy." (Italics mine.)

It is apparent that the agreement is not that, if the insured becomes disabled, the company will pay the benefits provided but if the insured shall become disabled *and shall furnish due proof of such disability*, then the company agrees that it *will grant* the benefits provided subject to the terms and conditions set forth in the policy. " The payment is not dependent upon actual total permanent disability, but upon proof of such." (VAN KIRK, J., dissenting in *Ginell* v. *Prudential Ins. Co.*, 205 App. Div. 494, 495; revd., 237 N. Y. 554, on opinion of VAN KIRK, J.)

The fact that the company agrees that if all these conditions exist, that is, disability, no default, etc., *then upon proof of such disability*, it will grant certain benefits, indicates an intention to recognize a future as distinguished from a past obligation — an obligation created and arising out of the filing of proof and to be in existence from and after that time. The company agrees to waive *future* premiums; not premiums which fell due after the date of disability but those which fell due from and after the date of filing of proof. The agreement is that *then, if proof is filed, the company will waive further premiums* and will (then) pay an amount equal to one per cent of the policy and a like amount *thereafter*. This construction was placed upon this identical form of policy by the Superior Court of Pennsylvania in *Lucas* v. *John Hancock Mutual Life Ins. Co.* (176 Atl. 514 [Penn.], Feb. 1935). The clause there construed appears to be identical with that of policy No. 906759. The court there said: " *It appears that under these provisions that due proof of the disability then existing is a condition precedent to the payment, not for the disability that has existed, but for the disability then existing and which shall continue from the time that the company has due proof of the existence of the disability.* The language clearly looks toward the future, and the word ' grant ' imports a future liability. The very purpose of the due proof clause is that prompt notice may be given, in order that the company may have an opportunity to make. a fair investigation of the claim. The unfair-

ness of plaintiff's position is best established by the present claim, in asserting a disability that had existed for more than four years prior to his filing proofs of his disability.

" True it is that proof is not required at any definite time after the disability occurs, *but the failure to furnish the proofs should not result in placing the burden for failure of its submission upon the company. The assured is surely in a better position to know of his condition than the company, who has no knowledge until due proof is submitted.* We are convinced that the language of the policy is clear and unequivocal and susceptible of but one meaning and construction, *that upon due proof being submitted payments will be made for the then existing disability and its continuance.*" (Italics mine.)

This court is unable to see how any other possible construction of this policy can be arrived at without attributing to the language in question a non-existing ambiguity.

The provisions of policies Nos. 385170 and 742335 are even stronger in favor of the company than those of policy No. 906759. Eliminating irrelevant language they read:

" 1. If * * * the Insured shall become wholly and permanently disabled by bodily injury or disease, * * * so that thereby he will be *wholly, continuously and permanently* prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, *and has been so disabled for not less than sixty days, then,* * * * *upon receipt of due proof of such disability,* the Company *Will Grant* the following benefits *subject to the terms and conditions herein set forth.*

" 2. * * * *the Company will waive the payment of further* premiums *after the then current policy year,* during the continuance of the disability, and at the end of six months *from the date on which the disability* is proved, will pay to the insured, subject to the conditions and limitations of this provision, * * * an amount equal to one-tenth of the face amount of the policy, *and a like amount annually thereafter* during the continuance of the disability." (Italics mine.)

Here the waiver of the *further* premiums is to be effective only " after the *then* current policy year; " or in other words, the company agrees (Par. 1) " then * * * upon receipt of due proof the company will " waive *further* premiums (Par. 2) after the then current policy year. Paragraph 2 further provides that disability income payments will be made " at the end of six months from the date on which the disability *is proved.*" This does not mean the date upon which the insured became disabled but the date upon which *proof* of such disability is furnished. If it were

the intention that the date of disability were to govern, the provisions would read that the company would pay " at the end of six months from the date upon which the disability *has been* proven or has been proven to have occurred." If it was the intention that premiums should be waived from the date of disability rather than from the date of furnishing proof thereof, then the policies would have provided for a waiver of premiums which *were due* or which *may have accrued* during the time of disability and prior to the time of filing of such proof. The policies are devoid of such language.

The express provision that the disability must have existed for sixty days indicates an intent to pay only from the time of filing of proof for *a then existing disability.* The provision for payment of one-tenth the face amount of the policy at the end of six months from the *date on which* disability is proved can only mean an agreement to pay that sum at the end of six months from the date of furnishing of proof. Any other contention would be incongruous. The entire context of all of the policies indicates a future obligation — an intent that if such a condition exists and *due proof thereof is furnished to the company,* then, and then only shall the company become liable for payments to accrue thereafter. Plaintiff's contention that the word " further " was inserted " so as to exclude the possibility of the waiver of any past premiums before the *commencement of disability* " is untenable. Under no possible construction would the insured be entitled to disability benefits before the occurrence of disability.

Plaintiff cites *Herschman* v. *John Hancock Life Ins. Co.* (158 Misc. 263); *Shapiro* v. *Metropolitan Life Ins. Co.* (151 id. 707) and *Minnesota Mutual Life Ins. Co.* v. *Marshall* (29 F. [2d] 977). This court is unable to agree with these opinions. These cases have followed the ruling in *Minnesota Mutual Life Ins. Co.* v. *Marshall (supra)* which case in my opinion does not represent the law of this State and they have imported an ambiguity into a non-ambiguous contract. It seems to me that the word " then," construed in *Herschman* v. *John Hancock Mutual Life Ins. Co. (supra)* refers to the time of the filing of proof and not to the time of the onset of disability. Furthermore, an attempt to ascertain the intention of the parties from construing only that word separated from its context is bound to lead to a conclusion at variance with the intent of the provisions. When read in connection with the language that the company " *will grant* " certain benefits, all doubt, if there be any, disappears. It is apparent that the obligation is that " then " (at that time) the company " will grant," that is, begin to pay or allow benefits. Obviously, this could not mean then

(at the time of disability) the company will grant such benefits, for such language would be ungrammatical and incongruous. If that were the intention, the policy would have provided " then " the company will grant benefits effective as of the day of disability.

Paragraph 1 means that at that time the company will do an act which, by the nature of the term used, indicates a future act and when read with paragraph 2 means that the act which it agrees to do is to waive further premiums. In other words, if the insured becomes disabled and the company receives proof of such disability while there is no default in premiums then the company will agree to waive the continuance of future premiums. Since it agrees to waive payments of *further* premiums it does not agree to waive the payment of past premiums. One excludes the other.

In *Shapiro* v. *Metropolitan Life Insurance Co. (supra)* the provision was: " If * * * the insured shall lose permanently the sight of both eyes, total and permanent disability shall be deemed to exist, and one-half of the amount of the insurance then payable in the event of death shall be paid immediately upon receipt by the company of due proof of such loss and surrender of this policy. *Thereafter* no further premiums will be required."

The insured became disabled in February of 1927 and paid premiums until April of 1933 when claim proofs were filed. The suit was to recover these premiums. The court found an ambiguity in the word " thereafter " and applying familiar principles of law adopted the construction most favorable to the insured, ruling that the term " thereafter " applied to the date of the onset of disability and not to the date of the filing of proofs. A comparison of that clause with those at bar as analyzed above discloses patent differences. There is not in the present case any ambiguity as to the meaning of the word " thereafter."

However, aside from this distinction in the language, this court is unable to agree with that ruling since it is based upon the decision in Minnesota Mutual Life Ins. Co. v. Marshall *(supra)*. This court cannot see any distinction between a clause which provides in substance that *upon receipt of due proof of disability, etc.,* the company will pay, and one which provides, if the insured becomes disabled, *then upon receipt of due proof, etc.,* the company will pay. The fact that the requirement for furnishing of proof in one instance appears in a more prominent position than in the other, is inconsequential. It is nevertheless a salutary and prime provision of the contract.

In *Minnesota Mutual Life Ins. Co. v. Marshall* (29 F. [2d] 977) the Circuit Court of Appeals of the Eighth Circuit construed a policy which provided that if the insured, while the policy is in

full force and effect and without default in the payment of premiums, " shall become totally and permanently disabled, * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * *. Second: Upon the receipt of due proof of total and permanent disabilities, * * * the Company will waive the payment of all premiums thereafter becoming due."

An ambiguity was found in the word " thereafter." The court justified its conclusion as being the only one which would avoid a harsh result to the insured. The latter lived alone upon a North Dakota farm three miles from his parents. A premium became due on October 14, 1926. The grace period expired November 16, 1926. The insured, being ill, came to his father's home on the morning of November 16, 1926. He was operated on that afternoon for an appendix which had burst and died several days later of peritonitis. The physician said he was totally disabled on November 16, 1926. His father testified that his son was always a careful and industrious farmer and took care of his stock and buildings, that he visited the farm on November sixteenth, and found that the stock had apparently not been fed for several days, the water tank dry, the stables uncleaned, the house in disorder and without food. The question of fact as to whether the insured had been disabled prior to November sixteenth was, upon this testimony, determined in favor of the insured. The court there decided that this was a total and *permanent* disability. Whether such a ruling be justified is not before this court to decide. It then followed the ruling which has been adopted in certain States in connection with cases involving accident policies.

The courts of many States have excused the failure to furnish prompt and due notice where the insured, as the result of an accident, was rendered incapable of doing so. The law of our State is to the contrary. (*Whiteside* v. *North American Acc. Ins. Co.*, 200 N. Y. 320.) The court in the *Marshall Case* (*supra*) decided that the condition which existed was such as excused the insured from giving notice. The reason for that decision appears to make the case an authority in favor of defendant on the facts at bar:

"A construction making the disability benefits to begin as of the time of proof *might be all right where such benefits are sought while the insured is living*, but a disability provision such as the one to be construed here, where the disability occurs near the due date of the premium and continues until death, is made worthless by holding the proof of disability and not the disability itself makes it operative. Such a construction is harsh and unreasonable and

ought not to be adopted if the language used is susceptible of one more favorable to the insured " (p. 979).

There should not be one construction where the disability is temporary and fatal and a different construction where the disability is not fatal. Whether the insured continues to live or whether he dies, whether death occurs shortly after the onset of the disability or after an extended period of time should make no difference in the intention of a formal written contract. The failure to furnish proof in all of these cases is the fault of the insured, not of the company. The language in the policy being substantially the same in all instances its meaning should not be varied by reason of an accident occurring to the insured and acts of neglect on his part. Whether the results to the insured are harsh or beneficial does not warrant interpreting deliberate language in other than its natural meaning.

In *Shapiro* v. *Metropolitan Life Ins. Co.* (*supra*) the court appeared to be of the opinion that the United States Supreme Court in *Bergholm* v. *Peoria Life Ins. Co.* (284 U. S. 489) expressed approval of the ruling in the *Minnesota* case. This court does not so read the opinion of the Supreme Court. The fact that the Supreme Court denied certiorari in the *Minnesota* case does not necessarily indicate an approval of that opinion (*Hamilton-Brown Shoe Co.* v. *Wolf Bros. & Co.*, 240 U. S. 251, 258; *United States* v. *Carver*, 260 id. 482, 490), and in the absence of an express approval thereof, I am loath to so infer.

In *Bergholm* v. *Peoria Life Ins. Co.* (*supra*) the Supreme Court went as far as it could in showing its disapproval of the *Minnesota* case. It said: " We granted certiorari because of a supposed conflict with *Minnesota Mut. Life Ins. Co.*, v. *Marshall*, 29 F. [2d] 977." It then pointed to the fact that the pertinent provisions of the policy were different from those in the *Minnesota* case. " There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, ' shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that ' upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished." It then said: " We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was

enough to create the waiver. *In that view, the obligation to furnish proof was no part of the condition precedent to the waiver;* but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company *of proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.* The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams* v. *New York Life Ins. Co.*, 299 Penn. St. 11, 14, 148 Atl. 855." (Italics mine.) The court then stated that where there is an ambiguity, a construction must favorable to the insured will be adopted, qualifying this, however, by the following language: " but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

It will be seen from this language that the Supreme Court said two things with respect to the *Minnesota* case. It first said that the provisions were different. It then said it would not discuss the soundness of the court's ruling in that case — the view adopted by that court was that the obligation to furnish proof was not a condition precedent; that the obligation became fixed upon the disability *and proof was not a condition precedent to the waiver.*

Many courts have discussed, criticized, differentiated and reconciled the two lines of cases which follow those decisions. They arrive at opposite conclusions in determining the same issue. This court does not believe that our courts should cast their lot with those which follow the *Minnesota* case.

An excellent review of the authorities is contained in *Goldman* v. *New York Life Ins. Co.* (115 N. J. Eq. 535; 171 Atl. 541). The court there held that proof of disability *was* a condition precedent. It discussed both the *Bergholm* and the *Minnesota* cases. After discussing the *Minnesota* case it said: " It will be seen that the court, in adopting a method of construction, *would apply one construction where the result would not be harsh, and an entirely different construction where a contrary result would obtain,* and in *Orr* v. *Mutual Life Insurance Co. of New York, supra,* the opinion in this case was criticized " (115 N. J. Eq. at p. 544). (Italics mine.)

The court also said, and this evidences the understanding of other jurisdictions as to the status of the New York law, " The New York Courts have uniformly held that the furnishing of due proof is a condition precedent. *Orr* v. *Mutual Life Insurance Co. of New York* (D. C.) 57 F. [2d] 901; *Whiteside* v. *North American*

*Accident Insurance Co.*, 200 N. Y. 320, 93 N. E. 948.   The result of the reasoning of these cases is that where an insurance company agrees to waive premium payments upon due proof of disability of a permanent character, that the insurer, in order to protect itself against fraud, may provide for such notice as will enable it to investigate the claim of disability, and that notice of disability and endorsement of the waiver of premiums are substantial provisions of the contract and conditions precedent to recovery " (115 N. J. Eq. at p. 543).

To the same effect see *Iannarelli* v. *Kansas City Life Ins. Co.* (171 S. E. 748, Sup. Ct. App. W. Va. Sept. 1933; rehearing denied Dec. 11, 1933) and *Hayes* v. *Prudential Ins. Co. of America* ([W. Va. App.] 171 S. E. 824).

In the *Iannarelli* case the court said:

" With the greatest deference to the learning and high authority of the courts which adopt the holding that the giving of notice or the furnishing of proof of disability is a condition subsequent, *we are of opinion that in reaching such conclusion the contract between the insurer and the insured has sometimes been relegated to a position of secondary importance instead of there being accorded to it the primary importance to which it is entitled.    \*    \*    \**

" *We are of opinion that, under the plain language of the policy in suit, proof of the disability was required to be furnished before the policy lapsed.    This view is sustained by the holdings of many courts, whether the majority in number we are not prepared to say.    But we do think that the line of reasoning followed in the cases of this group is basically sound.*"   (Then follows the citation of cases from many jurisdictions.)   (Italics mine.)

*Bloss* v. *Equitable Life Assurance Soc. of U. S.* (176 Wash. 1; 28 P. [2d] 303); *Wick* v. *Western Union Life Ins. Co.* (104 Wash. 129; 175 Pac. 953); *New England Mutual Life Ins. Co.* v. *Reynolds* (217 Ala. 307; 116 S. 151) are a few of the many cases in which the same reasoning was used with similar results.   In the *Reynolds* case the court construed the word " thereafter " in a manner directly contrary to the construction made in *Herschman* v. *John Hancock Mutual Life Ins. Co. (supra).*   In *Hablutzel* v. *Home Life Ins. Co.* (52 S. W. [2d] 480, Mo. App. 1932), cited with approval in *Shapiro* v. *Metropolitan Life Ins. Co. (supra),* the court expressly stated that a literal construction of the contract would require proof as a condition precedent.   It nevertheless ruled that the contract was ambiguous for the expressed purpose of avoiding a harsh result.

There are many cases which rule both ways.   Examination of the many cases which have been cited by counsel for both parties discloses that those courts which found an ambiguity were courts

which have not held that the filing of proof was a condition precedent to the accrual of a cause of action no matter what the language contained in the policy was. They are decisions of jurisdictions where the neglect of the insured to furnish proof was excused. This court does not believe this theory sound. To formulate such principles of law as a guide would be to subject insurers to the unwarranted and unfortunate situations referred to in *Goldman* v. *New York Life Ins. Co. (supra)* and *Iannarelli* v. *Kansas City Life Ins. Co. (supra)*. The possibility of fraud is too great.

The terms of the policies in suit are clear. Under these provisions the insured was not entitled to any disability benefits or to the waiver of any premiums for any period of time prior to the date upon which due proof of such disability was furnished to the defendant.

This court further finds that the plaintiff has failed to file due proof that he was wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, within the meaning of the policies. The claim proofs introduced into evidence consist of certificates executed by the plaintiff's wife and by Dr. Earl D. Brewer. Dr. Brewer stated in his certificate that he first visited the insured on August 4, 1933, and that in his opinion total disability commenced about June 13, 1933, but that he could not definitely ascertain. The plaintiff's wife in the certificate executed by her stated that the insured became totally disabled on January 10, 1932. The discrepancy between these two certificates unexplained did not constitute due proof of disability as of January 10, 1932. (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345; *O'Reilly* v. *Guardian Mut. Life Ins. Co.*, 60 id. 169; 5 Joyce Ins. [2d ed.] § 3291, p. 5495.)

The evidence discloses and the court finds that the insured was not wholly, continuously and permanently disabled so as to be entitled to benefits within the provision of the policies in question prior to October 18, 1933. Although it was claimed that the insured. became disabled in January of 1932 the evidence showed that he continued to operate his drug store until August, 1932. Although he may not have been in attendance every day without exception, it appears that he did attend at that store fairly regularly so as to be able to conduct that business. In March, 1933, he purchased a new store at a purchase price of $15,000, paying $6,000 cash and agreeing to pay the other $9,000 in installments over an extended period of time. He gave a chattel mortgage as security for such payments. If the insured had been wholly disabled and unable to attend to his business since January 10, 1932, he certainly would not have purchased a new store in March of 1933. Further-

more, a clerk employed by the insured for about six weeks from March until May of 1933 testified that during the period he was so employed the insured was in daily attendance at his store and conducted his business thereat. This witness was produced by the defendant and was a disinterested witness and his testimony was not discredited. It may be that the insured was partially disabled during the period in question but he certainly was not *wholly*, *continuously* and *permanently* disabled during such period. (*Garms* v. *Travelers Ins. Co.*, 242 App. Div. 230; affd., 266 N. Y. 446; *Wenger* v. *New York Life Ins. Co.*, 155 Misc. 163.)

The motions to dismiss the complaint (decision upon which was reserved at the close of the plaintiff's case and at the close of the entire case) are hereby granted.