Sophie Pearlstein, Appellant, v. New York Life Insurance Company, Respondent.

Supreme Court, Appellate Term, First Department, January 27, 1949.

*David Goldstein* and *Lawrence Kovalsky* for appellant.

*Harry J. McCallion, Robert J. Fitzwilliam* and *Ferdinand H. Pease* for respondent.

Hecht, J.   In February, 1924, defendant issued to plaintiff's husband its policy of life insurance in the face amount of $2,500. The policy contained the following disability benefit provisions:

" New York Life Insurance Company agrees to Pay to the Insured

" A Monthly Income of Twenty-Five Dollars, and to waive payment of premiums under the said policy, as hereinafter provided, upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as hereinafter defined.   *   *   *

" Upon receipt at the Company's Home Office, before default in payment of premium under the said policy, of due proof that the Insured is totally disabled as above defined, and will be

continuously so totally disabled for life, * * * the following benefits will be granted:

" (a) Waiver of Premium.— The Company will waive the payment of any premium under the said policy falling due during the period of continuous disability * * * .

" (b) Income Payments.— The Company will pay to the Insured the monthly income stated above ($10 per $1,000 of the face of said policy) for each completed month from the commencement of and during the period of continuous total disability. * * *

" Before making any income payment or waiving any premium under the said policy, the Company may demand due proof of the continuance of total disability, but such proof will not be required oftener than once a year after such disability has continued for two full years. Upon failure to furnish such proof, or if the Insured performs any work, or follows any occupation, or engages in any business for remuneration or profit, no further income payments shall be made nor premiums waived. * * * Any disability benefit due but unpaid at the time of the Insured's death shall be payable to the person entitled to the proceeds of the said policy."

The complaint alleges that the insured became totally and permanently disabled within the meaning of the foregoing disability benefit provision on January 2, 1945, and died while totally disabled, on April 23, 1947. Proof of the insured's disability was not submitted to defendant until October 27, 1947, about five months after insured's death. The action was brought to recover $700, representing disability income from January 2, 1945, to April 23, 1947, plus $217.59, representing the premium paid during the period of disability. Summary judgment was granted for defendant on the ground that the disability benefit provisions quoted above required that proof of the alleged total and permanent disability of the insured be submitted to the insurance company during the lifetime of the insured. I do not agree with this interpretation.

" We have said more than once that insurance policies upon which the public rely for security in death, sickness or accident, should be plainly written, in understandable English, free from fine distinctions which few can understand until pointed out by lawyers and judges." (CRANE, Ch. J., in *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140, 143–144.)

" But insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in

language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in their contracts may know and understand their meaning and import.'' (WERNER, J., in *Janneck* v. *Metropolitan Life Ins. Co.,* 162 N. Y. 574, 577–578.)

'' Where a provision in an insurance policy is ambiguous; where without giving to the language used a forced or unnatural meaning, a construction in favor of the insured may fairly be adopted, to that construction he is entitled.'' (ANDREWS, J., in *Silverstein* v. *Commercial Cas. Ins. Co.,* 237 N. Y. 391, 393.)

I think the ordinary policy holder, reading the above-quoted disability benefit provisions of this policy without the aid of a lawyer, would not clearly understand that the proof of disability must be submitted to defendant during the lifetime of the insured.

The insurance company which prepared the contract could easily have expressed that requirement so that the policy holder would clearly understand it.

In the frequently quoted case of *Whiteside* v. *North Amer. Accident Ins. Co.* (200 N. Y. 320) the benefit provision required that written notice from the insured must be mailed to the company's home office '' within ten days after the date of such injury, death or commencement of such sickness, as conditions precedent to recovery.''

In *Perlman* v. *New York Life Ins. Co.* (234 App. Div. 359 [1st Dept.]) the judgment was granted for this defendant because the disability benefit provision there, different from the one in suit, stated that '' The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy *during his lifetime and continued disability,* beginning *immediately on receipt of said proof* '', and that it would waive premiums '' *falling due after approval of said proof.*'' (Italics supplied.)

Defendant urges that it should have an opportunity to examine an insured during the period of alleged disability in order to prevent possible fraud. That is one reason why defendant should have expressly required proof during the lifetime of the insured; it does not justify a court in reading that construction against the insured into provisions which are not thus '' plainly written; in understandable English, free from fine distinctions which few can understand until pointed out by lawyers and judges.''

Disability benefit provisions similar to that in the case at bar have been construed not to require proof of disability during the lifetime of the insured by the Circuit Court of Appeals in the Eighth Circuit (*Lydon* v. *New York Life Ins. Co.*, 89 F. 2d 78; *Mutual Life Ins. Co. of N. Y.* v. *Drummond*, 111 F. 2d 282; *Minnesota Mut. Life Ins. Co.* v. *Marshall*, 29 F. 2d 977) and by some of our sister States (*Hablutzel* v. *Home Life Ins. Co. of N. Y.*, 332 Mo. 920; *Bank of Commerce & Trust Co.* v. *Northwestern Nat. Life Ins. Co.*, 160 Tenn. 551; *Lincoln Nat. Life Ins. Co.* v. *Cook*, 194 Ark. 794).

Some of the decisions in favor of the insurance companies are based upon the particular provisions of the contracts therein which clearly set forth the requirement of notice during the lifetime of the insured. In *Bergholm* v. *Peoria Life Ins. Co.* (284 U. S. 489) the company agreed to " Pay for the Insured all premiums *becoming due hereon after the receipt of such proof* and during the continuance of the total and permanent disability ". (Italics supplied.) The Supreme Court affirmed the decision for the insurance company because of the language employed in that policy. It pointed out that this result was not inconsistent with that reached by the Eighth Circuit in the *Marshall* case (*supra*) because the policy in that case provided that if the insured " shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due ", and that " Upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due." The provision in the policy in suit seems to me at least as favorable to the insured as that in the *Marshall* case. In *Reingold* v. *New York Life Ins. Co.* (85 F. 2d 776 [C. C. A. 9th]), the provision was identical with that in *Perlman* v. *New York Life Ins. Co.* (234 App. Div. 359, *supra*).

It is true that some of our States have decided in favor of the insurance companies in interpreting disability provisions identical with or similar to the one at bar. (*Anderson* v. *New York Life Ins. Co.*, 64 Cal. App. 2d 798; *Bennett* v. *New York Life Ins. Co.*, 63 Idaho 427; *Kantor* v. *New York Life Ins. Co.*, 219 Iowa 1005; *Hayes* v. *Prudential Ins. Co. of America*, 114 W. Va. 323.)

Some decisions of our City Court and Municipal Court are to the same effect. (*Mutchnick* v. *John Hancock Mut. Life Ins. Co.*, 157 Misc. 598; *Yohalem* v. *Columbian Nat. Life Ins. Co.*,

136 Misc. 748; *Kasarsky* v. *New York Life Ins. Co.*, 145 Misc. 732; cf. *Herschman* v. *John Hancock Mut. Life Ins. Co.*, 158 Misc. 263.) The question being open in this court, I believe justice and reason impel the conclusion that the provision in the instant policy does not require proof of disability during the lifetime of the insured.

The judgment and order should be reversed, with $10 costs to appellant to abide the event, and motion denied.

EDER, J. (concurring). Insurance companies are in the business of running risks for pay. Bluntly stated, for an agreed compensation, they gamble with fate. Running risks, they are not only careful, but extremely cautious. The policy contract which they draw and issue is the product of experience and deep study.

Insurance companies know how to write policies containing special, precise or exacting requirements and conditions when they so desire, and, as reported cases show, they have done so; and when they do not do so, the courts should not permit a construction to prevail which would alter the policy in a substantial degree and create an avenue of escape from liability where none exists under the language of the policy as drawn by the insurer itself.

That is what the defendant insurance company is attempting to accomplish here, as it has successfully accomplished in the court below.

What does the policy provide? There is not a word therein to the effect that the disability provisions of the policy require that before the disability benefits become effective the insured must file with the company (defendant herein) proof of such disability *during his lifetime,* which is the single question of law presented.

The defendant asks that this phrase be read into the policy by fair intendment. However, such a construction is not possible without doing violence to contractual rights and obligations.

When insurance companies wish to make it a condition that proof of disability be submitted " during the lifetime " of the insured, they have policies which expressly contain such a requirement, a concrete example being *Luftig* v. *Travelers Ins. Co.* (253 App. Div. 538, 541), where the language of the policy in that connection is set forth verbatim. I quote only the following: " Upon due proof submitted *during the lifetime* of the Insured * * *."

This phrase, " during the lifetime of the Insured " is one of definite substance. To rewrite the policy on the theory of construction and include this term by fair intendment is to effect a change of contractual rights and to destroy a right of recovery where such right existed before. I am unable to concur in such a view. The right to construe is not the right to destroy.

The only restriction in the policy as to the time of filing proof of disability is that such proof of disability must be received at the office of the company " before default in payment of premium ".

For the reasons stated I vote to reverse the order appealed from and the judgment entered thereon and to deny the motion.

PECORA, J. (dissenting). In my opinion, the language of the policy here involved is such as to show clearly that, in order to support a claim in behalf of the insured for total disability benefits, due proof of such disability must be given to the insurer during the lifetime of the insured. .

The provisions of the policy respecting the giving of proof of total disability are as follows:

" NEW YORK LIFE INSURANCE COMPANY agrees to pay to the Insured -

" A Monthly Income of Twenty-Five Dollars  *  *  *  upon receipt of due proof that the Insured *is* totally and presumably permanently disabled  *  *  *.

" Upon receipt at the Company's Home Office  *  *  *  of due proof that the Insured *is* totally disabled as above defined, and *will be* continuously so totally disabled for life,  *  *  * the following benefits will be granted:  *  *  *." (Italics supplied.)

These provisions require that the proofs to be furnished to the insurer must show that the insured " is totally and presumably permanently disabled " and that " the Insured is totally disabled  *  *  *  and will be continuously so totally disabled for life ".

In this case the complaint alleges that the insured became totally and permanently disabled on January 2, 1945; that such total disability continued until his death on April 23, 1947; and that proof of the insured's disability was not furnished to the insurer until October 27, 1947, or about six months after the death of the insured.

Obviously proof submitted six months after the insured's death does not constitute proof that the insured " is totally and presumably permanently disabled "; nor that the insured " is

totally disabled * * * and will be continuously so totally disabled for life ''. The most that can be said for such proof is that it purports to show that the insured *had been* totally disabled for a period of time during his lifetime. Where, as in this case, the proof is not submitted until six months after the death of the insured, no adequate opportunity is afforded to the insurer to test the merits of the claim made against it.

While it may be true that neither this court nor any higher court in this State has heretofore been called upon to determine the question here presented, it has received the consideration of some of our other courts (see *Yohalem* v. *Columbian Nat. Life Ins. Co.*, 136 Misc. 748; *Kasarsky* v. *New York Life Ins. Co.*, 145 Misc. 732, and *Mutchnick* v. *John Hancock Mut. Life Ins. Co.*, 157 Misc. 598). These cases support the decision of the court below in the action before us. It is noteworthy that the ruling in the *Yohalem* case (*supra*) was cited and followed by reviewing courts in other jurisdictions (*Kantor* v. *New York Life Ins. Co.*, 219 Iowa 1005, and *Anderson* v. *New York Life Ins. Co.*, 64 Cal. App. 798). Similar conclusions were reached in *Bennett* v. *New York Life Ins. Co.* (63 Idaho 427) and in *Hinkley* v. *Penn. Mut. Life Ins. Co.* (37 F. Supp. 1018). In my opinion the reasoning in those cases is sound and should be adopted by this court.

I am fully mindful of the fact that — in the trenchant words of the concurring opinion herein (p. 658) — '' Insurance companies are in the business of running risks for pay * * * for an agreed compensation, they gamble with fate '', and that '' Running risks, they are not only careful, but extremely cautious.'' But we should not overlook the further fact that insurance companies now constitute an important and highly useful factor in our economy. They have become great reservoirs of public credit. Hence their assets and resources should always be guarded with care and caution.

An insurance company which under its policy obligated itself to pay disability benefits upon proofs submitted after the death of the insured would be inviting the dissipation of its assets by chicanery. I am satisfied that the defendant in this case, in phrasing its policy, studiously sought to avoid any such disastrous consequences, and that the language of the policy accomplishes that purpose.

To construe the policy in this case as permitting the making of a claim for total disability benefits upon proof submitted after the death of the insured is to ignore its precise and clearly

understandable words. Such a construction would leave the insurer virtually helpless against dishonesty. It would widely open the door to the perpetration of frauds with impunity.

The order and the judgment appealed from should be affirmed.

EDER, J., concurs with HECHT, J., in opinion; PECORA, J., dissents in opinion.

Judgment and order reversed, etc.